## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRAVELER INNOVATIONS LTD., a foreign company; and DOONA HOLDINGS LTD., a foreign company,<br><br>       Plaintiffs,<br><br>v.<br><br>EVENFLO COMPANY, INC., a Delaware Corporation,<br><br>       Defendant. | **CIVIL ACTION NO.:**<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR WILLFUL PATENT INFRINGEMENT

Plaintiffs, TRAVELER INNOVATIONS LIMITED ("TIL") and DOONA HOLDINGS LIMITED ("DOONA," and together with TIL, collectively "Plaintiffs"), hereby file this Complaint for Willful Patent Infringement against Defendant EVENFLO COMPANY, INC. ("EVENFLO"), and, in so doing, allege as follows:

### JURISDICTION, VENUE, AND THE PARTIES

1.      This is an action brought pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 271, *et. seq*.

2.      This Court has original jurisdiction pursuant to Title 28, United States Code, Section 1331, as this case involves a federal question arising under the Constitution, laws, or treaties of the United States.

3.  TIL is a foreign corporation duly organized and existing under the laws of Hong Kong, having its principal place of business located in Hong Kong.

4.  DOONA is a foreign corporation duly organized and existing under the laws of Hong Kong, having its principal place of business located in Hong Kong.

5.  On information and belief, EVENFLO is a Delaware corporation having its principal place of business at 225 Byers Road, Miamisburg, Ohio 45342.

6.  This action arises as a result of the infringing conduct of EVENFLO, which implicates interstate commerce.

7.  Venue is proper in the District of Delaware pursuant to Title 28, United States Code, Section 1391(b) and (c) as EVENFLO "resides" in this judicial district, as the term "reside" is interpreted under Chapter 87, United States Code, and because a substantial part of the events giving rise to the infringement claims at issue occurred within this judicial district. Venue is also appropriate pursuant to Title 28, United States Code, Section 1400(b), which provides, in part, that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides".

8.  All conditions precedent have been met, waived, or satisfied to bring this lawsuit.

## GENERAL ALLEGATIONS

### TIL, DOONA, AND THEIR INNOVATIVE CAR SEAT AND STROLLER

9.      TIL is a foreign company and is the parent company of its wholly-owned subsidiary, DOONA.

10.     TIL is the exclusive licensee of the federally registered DOONA trademark (the "Doona Mark"), and uses said mark to market and sell its products throughout the world.

11.     To this end, TIL, together with its affiliated companies and dedicated team of innovators, have been researching and developing cutting-edge parenthood-related products for more than a decade. Since the commencement of such innovative efforts, TIL's focus has remained on making "life on the go" for parents with newborn and younger aged children easier and more cost-efficient without compromising on functionality, safety, or quality of the products that facilitate such pace. Indeed, a core of TIL's mission has been to develop innovative products and solutions that address unmet needs in day-to-day parenting.

12.     Much of TIL's vision was borne through its Shareholder, Yoav Mazar, after he struggled to keep up the fast pace of life as a new parent when his first child, Danielle Mazar (who was nicknamed "Doona"), was born. Mr. Mazar appreciated the tremendous responsibility and important task of protecting his daughter through the proper usage of car seats and strollers, but he also visualized the need for a

simpler solution to safely and securely transition a child from a car seat to a stroller.

13.     In other words, Mr. Mazar recognized the critical importance of car seat safety for young children, and the need for a safe and reliable solution to transition a child from inside to outside of the car.

14.     As such, Mr. Mazar set out to transform the infant car seat to operate also as a stroller in a safe, yet simple and practical, manner, allowing a smooth transition from usage within a car to an outside environment. This vision did not come without hurdles, however, as Mr. Mazar faced an immense challenge navigating the stringent safety standards related to car seats and strollers, while also desiring to create a functional, lightweight, and portable product.

15.     Through such vision, following tireless thought and effort, an innovative combined car seat and stroller product was conceived and subsequently named after his daughter—the Doona Car Seat & Stroller. Once refined, the product eventually emerged as a combined unit that, unlike any other before it, was able to fold quickly and easily as a fully assembled unit with a sleek urban design. Additionally, unlike most strollers, the handle of the stroller is not fixed in an inclined, pushing position. Instead, the Doona Car Seat & Stroller implemented a revolutionary system by which the pushing handle can transition into either the inclined pushing position or into a vertical position so that the user can roll it similar to a suitcase. An illustrative example of this ingenuity, and how it works, is depicted

in the below progression graphic of the product starting in the form of a car seat and transforming into a stroller:



16.    Such innovation was recognized by the United States Patent and Trademark Office ("USPTO") when it issued U.S. Patent Nos. 8,434,781 ("the '781 Patent"), 8,469,389 ("the '389 Patent"), and 8,469,390 ("the '390 Patent"), (collectively, the "Car Seat and Stroller Patents").

17.    The revolutionary Doona Car Seat & Stroller created an entirely new market segment for car seats and strollers and this market segment was dominated by TIL, at least in part, through the competitive advantage it obtained with its patent protection.

18.    The innovative, revolutionary, car seat/stroller combo product provided numerous benefits to parents, including the benefit of reducing how many components/parts were required to be brought along while traveling with their child. Parents are no longer required to carry bulky car seats *and separate* strollers in order to travel with their young children.

19.    Additionally, parents were no longer required to transfer their child from the car seat to the stroller when leaving the car. They can easily detach the car seat from its base in the automobile, unfold its legs, and use it in stroller mode.

20.    In other words, by creating the combination of a car seat together with a stroller, TIL eliminated major stress that parents encounter when traveling with their child, as all necessary components were combined into a single unit.

21.    In fact, TIL's innovative car seat and stroller combo won numerous global innovation awards, including most innovative baby gear product, by several of the largest global organizations in the field, namely the JPMA Innovation Award in 2014, the FQ Top Gear Award in 2014, the Kind and Jugend Innovation Award in 2014, the European Product Design Award in 2017, and the  Baby Products Association Award in 2014, the Mother and Baby Awards in 2015, the Baby Innovation Award in 2016, the Prix De L'innovation in 2016, the Banta Winner in 2014, the Gentle Parenting 2015 Gold Winner, and the Junior Design Awards for Most Innovative Parenting Product and Best Car Seat in 2014.

## PLAINTIFFS' INTELLECTUAL PROPERTY

22.    DOONA is the owner of the Car Seat and Stroller Patents.

23.    TIL is the exclusive licensee of all of the Car Seat and Stroller Patents and, pursuant to the terms of its exclusive license, TIL has the exclusive right to, *inter alia*, collect revenues and profits derived from the Car Seat and Stroller Patents,

to exclude others from making, using, offering for sale, selling or importing into the United States any goods that practice the Car Seat and Stroller Patents, as well controlling all aspects of sublicensing any of the aforementioned rights.

24.     As part of its efforts to monetize its exclusive rights in the Car Seat and Stroller Patents, TIL sublicenses to SP Distribution, LLC, a Nevada corporation ("SPD"), to assist in the effort to market, sell, and distribute products covered by the Car Seat and Stoller Patents within and throughout the United States. TIL does not sublicense the Car Seat and Stroller Patents to any other entity or person for activity within the United States.

25.     In an effort to protect its intellectual property, Doona marks all of its products with a marking imprint informing customers and potential customers of its patents and pending patents. Additionally, on every product's packaging, Doona included a marking directing customers and potential customers to its website at www.doona.com/ip to learn about Doona's intellectual property.

### EVENFLO'S HISTORY OF INFRINGEMENT AND DISREGARD OF OTHER'S INTELLECTUAL PROPERTY RIGHTS

26.     EVENFLO is also in the business of manufacturing and selling child car seats and strollers, and is a direct competitor to Plaintiffs and their sublicensee, SPD.

27.     Unlike Plaintiffs, however, EVENFLO is a company that has been the subject of multiple patent infringement lawsuits.

28.     For example, in recent history, EVENFLO was sued in 2018 for patent infringement by Wonderland Switzerland AG, a company which, through itself and its affiliates, designs, markets, and promotes child-related products for brands such as Graco, Nuna, and Joie (collectively "Wonderland") for infringing Wonderland's child car seat technology related to child car seats. *See Wonderland Switzerland AG v. Evenflo Co., Inc. & Goodbaby US Holdings, Inc.*, 564 F. Supp. 3d 320 (D. Del. 2021) (the "2018 Evenflo Litigation").

29.     At a bench trial, the District Court found that EVENFLO infringed multiple claims of the patents in-suit and assessed damages against EVENFLO for its infringement. *Id.*

30.     In the midst of the 2018 Evenflo Litigation, EVENFLO was sued again in a separate action (for separate conduct) by Wonderland in 2020 for EVENFLO's infringement of two additional patents.

31.     Similar to the fate of the 2018 Evenflo Litigation, this 2020 case proceeded to a jury trial, and resulted in an additional adverse ruling against EVENFLO, as the jury determined EVENFLO infringed multiple claims of the patents-in-suit in that proceeding.

32.     Late in the 2020 proceeding, Wonderland learned that EVENFLO infringed even more of their patents than originally believed. Specifically, EVENFLO released a newly copied version of Wonderland's "Graco Nautilus" car

seat in the first quarter of 2022. As a result, Wonderland filed a third action against EVENFLO on March 28, 2023, which is still in litigation.

33.     Due to its lack of innovation and complete disregard for the intellectual property rights of others, EVENFLO has apparently made its *modus operandi* to constantly scout the child car seat market for the most popular and successful brands to copy the aspects which make each product popular and successful, even if it requires blatant infringement of its competitor's intellectual property rights. Indeed, as recently as September 16, 2024, EVENFLO was sued by yet another stroller company, Baby Jogger, LLC, for infringement of five of Baby Jogger, LLC's patents, which cover multiple features of stroller products at issue there. *See Baby Jogger, LLC v. Evenflo Company, Inc.*, Case No. 1:24-cv-00723-GBW (D. Del. Sept. 16, 2024).

34.     Germane here, EVENFLO has now targeted the innovative and revolutionary car seat/stroller combination products marketed and distributed under the Doona Mark and covered by the Car Seat and Stroller Patents.

### EVENFLO'S INFRINGEMENT OF THE CAR SEAT AND STROLLER PATENTS AND COPYING OF TIL'S MARKETING STRATEGY

35.     In March 2023—months after being found liable for infringement for the second time in two years—EVENFLO began a marketing campaign related to the introduction of its then newest product, the "Shyft DualRide," which is an unmistakable knockoff of the innovative and revolutionary Car Seat & Stroller

Combo marketed and distributed under the Doona Mark, and covered by the Car Seat and Stroller Patents.

36.    Worse, from the inception of EVENFLO's marketing campaign, EVENFLO endeavored to blatantly mimic all aspects of Plaintiffs' brand characteristics, including by adopting similar taglines and marketing graphics, and replicating even the most minute details (e.g., font combinations used by TIL and its sublicensee) to promote, market, and sell its infringing product.

37.    Indeed, since at least 2019, TIL has conducted internal research to develop a variety of taglines, ultimately finding that certain taglines drew in more traffic than others, thus establishing distinctive brand language. Some of the taglines developed by TIL and utilized by it and its sublicensee include:



38.    EVENFLO, following its *modus operandi*, took these taglines that TIL developed, and ever so slightly modified them in order to mimic TIL's marketing strategy. A representative sample of EVENFLO's efforts to mimic said marketing efforts include:



39.    As is clear from the foregoing, EVENFLO has made a conscious effort to mimic its direct competitor to market its infringing product. Indeed, the "Car Seat & Stroller Combo" phrase only replaced "and" with the ampersand ("&") symbol. Likewise, EVENFLO merely dropped "in seconds" when mimicking the "From Car Seat to Stroller in Seconds" tagline. And, the "EVENFLO Travel System" is a direct copy of the "DOONA Travel System" reference.

40.    EVENFLO also clearly recognized that TIL's marketing strategy utilized two primary fonts in its taglines to ensure its brand was properly recognized across multiple platforms. Understanding TIL's goal and realized success, EVENFLO also set out to copy said font scheme by incorporating virtually the same style fonts to apply within its taglines. The following annotated side-by-side

advertisements demonstrate EVENFLO's mimicking of TIL's marketing efforts:



41.     EVENFLO's copying of TIL's font choices is further illustrated by its incorporation of similar font schemes into the previously referenced stolen taglines:

 

42.     With EVENFLO's marketing campaign efforts increasing through pirating TIL's marketing strategies, EVENFLO also copied TIL's method of showcasing its competing product. For example, TIL showcases the ease of converting the innovative and revolutionary Car Seat and Stroller Combo by using

a three-step illustration, shown below:



43.    In a virtually identical manner, EVENFLO adopted the following progression illustrations (albeit, with the mere inclusion of double arrows) to advertise its infringing (and directly competing) product:[1]





---

[1] First Image obtained from https://deal.town/evenflo/make-the-shyft-into-action-with-shyft-dualride-P3J7SK3NZ9; Second Image obtained from https://www.evenflo.com/products/gold-shyft-dualride-car-seat-stroller-combo-carryall-storage.

44.     It is unambiguously clear that EVENFLO pilfered its marketing strategy directly from TIL's efforts. Indeed, even a brief comparison of the foregoing graphics readily reveals the striking similarities.

45.     Further illustrative of its intentional and willful desire to misappropriate TIL's intellectual property rights, EVENFLO has also purchased online advertisements to directly mimic and target TIL's marketing efforts. In fact, EVENFLO's online advertisements did not just appear when searching for baby seats and strollers *in general*; instead, EVENFLO seemingly purchased advertisements that would appear when searching *specifically* for "Doona" and TIL's products.

46.     Thus, when a potential TIL customer searched specifically for products branded by the Doona Mark or by TIL's taglines, EVENFLO advertisements would appear. For example, if a potential customer took to Google and searched specifically for the Doona "Car Seat and Stroller Combo," EVENFLO's sponsored advertisements for the "Evenflo Car Seat & Stroller" would appear. The same would occur when the potential customer also searched for the Doona "Travel System." A copy of the search results is attached hereto as ***Exhibit 1***.

47.     Expanding its reach, EVENFLO also took to Amazon to obtain the same result. Thus, when a consumer searches specifically for "Doona" products on Amazon, EVENFLO's infringing product appears in the first row of products, and

as the featured graphic, as shown below:



48.    Suffice to say, EVENFLO developed a *modus operandi* with the sole

focus of extracting as much profit, goodwill, and customer recognition from stolen

intellectual property as possible.

49.    This *modus operandi* is even confirmed by EVENFLO during the

bench trial that occurred in the 2018 Evenflo Litigation. For example, when Eric

Dahle, an EVENFLO car seat design engineer for EVENFLO, sat for Direct

Examination, he was questioned about EVENFLO's "Patent Work Request"

process. He explained "If there's an idea that is either patentable or whether we know

that there are things out there that might have patents, an idea is submitted through

our legal group to have those patent questions answered, whether or not there could be an infringement or whether or not we could patent something." ***Exhibit 2***, Excerpted Transcript of Bench Trial, Direct of Eric Dahle at 216, *Wonderland Switzerland AG v. Evenflo Co., Inc.*, No. 18-1990 (D. Del. Feb. 3, 2021), ECF 168 (PACER).

50.    When questioned if these Patent Work Requests is the process by which EVENFLO learned of the Wonderland patents, Eric Dahle explained "I'm certain that they came up in those. If there was a patent work request around them, they would have come up." *Id.*

51.    When asked if EVENFLO learned about the Wonderland patents through this Patent Work Request, Eric Dahle answered "I don't recall specifically. I recall seeing an email with that information, but I don't recall the specifics of that." *Id.*

52.    Based on the testimony of Eric Dahle, it is evident that EVENFLO implements a process to track its competitors' products and patent applications through EVENFLO's Patent Work Request process.

### THE CAR SEAT AND STROLLER PATENTS

53.    On May 7, 2013, the USPTO issued the '781 Patent, entitled *Baby Safety Car Seat Convertible into a Rollable Baby Seat*. A true and correct copy of the '781 Patent is attached hereto as ***Exhibit 3***.

54.    DOONA licensed all rights in the '781 Patent to TIL effective April 2014, providing TIL the exclusive rights to, *inter alia*, collect revenues and profits derived from the '781 Patent, to exclude others from making, using, offering for sale, selling or importing in the United States any good that practices the '781 Patent, as well controlling all aspects of sublicensing any of the aforementioned rights.

55.    Exercising its exclusive rights, TIL has sublicensed the right to sell products practicing the '781 Patent to SPD in the United States.

56.    TIL has the right to bring suit and enforce the '781 Patent, and to collect damages and profits for infringement.

57.    The '781 Patent describes a safety car seat that is convertible into a rollable baby seat, permitting the owner to save time and space when traveling with their child by allowing the legs/wheels of the seat to rotate into the desired position for easy carrying or pushing. *See, e.g., **Exhibit 3**, 1:42–61.

58.    The '781 Patent further describes a car seat with a handle that may rotate into either a carrying or storage position, and that may also be extendable. *See, e.g., **Exhibit 3**, 2:21–28.

59.    The '781 Patent includes one independent claim—Claim 1—which recites:

1.    A baby safety car seat having, at least when in use, a state in which the baby safety car seat is convertible into a rollable baby seat, the baby safety car seat, at least in the state, comprising:

a lower, support portion including a seat lowermost area configured to contact a vehicle surface to which the seat is to be mounted and defining a reference horizontal base plane, and two leg attachment areas on two sides of the lowermost area;

an upper, seating portion having a front, head area and a rear, feet area, the head area being spaced from the base plane to a distance greater than the feet area;

a handle having a handle distal end and two handle proximal ends at which the handle is attached to the lower portion of the seat so as to be rotatable about a substantially horizontal handle rotation axis substantially parallel to and lying above the reference horizontal plane, between a storage position in which the handle distal end is disposed adjacent to the head area of the upper portion of the seat and at least a carrying position, in which the handle has an orientation substantially vertical relative to the substantially horizontal handle rotation axis and is disposed between the head and the feet areas of the upper portion of the seat; and

a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lower portion at the corresponding leg attachment area, both of the legs being rotatable relative to each other and to the seat lower portion between a storage position to be taken in a safety car seat mode of the seat, in which the distal ends of the legs are disposed above the base plane, and an operational position to be taken in a rolling-carrier mode of the seat, in which the distal ends of the legs are disposed below the reference horizontal plane, the legs being deployable into the operational position in combination with the handle being deployable at least into the carrying position.

60.    In addition to the issuance of the '781 Patent, on June 25, 2013, the

USPTO also issued the '389 Patent and the '390 Patent, both of which are entitled

*Baby Safety Car Seat Convertible into a Rollable Baby Seat*. A true and correct copy

of said Patents are attached hereto as **Exhibit 4** and **Exhibit 5**, *respectively*.

61.    DOONA licensed all rights in the '389 Patent and the '390 Patent to TIL effective April 2014, providing TIL the exclusive rights, *inter alia*, to collect revenues and profits derived from the '389 Patent and the '390 Patent, to exclude others from making, using, offering for sale, selling or importing in the United States any good that practices said Patents, as well controlling all aspects of sublicensing any of the aforementioned rights.

62.    Exercising its exclusive rights, TIL sublicensed the right to sell products practicing the '389 Patent and the '390 Patent to SPD in the United States.

63.    TIL has the right to bring suit and enforce the '389 Patent and the '390 Patent, and to collect damages and profits for infringement.

64.    The '389 Patent describes a car seat with a locking mechanism by which the legs/wheels of the seat rotate along a horizontal axis and lock into position depending on the intended use (carrying or pushing). *See, e.g.,* **Exhibit 4**, 1:59–2:5.

65.    Likewise, the '390 Patent describes a car seat with a locking mechanism by which either the front or back legs/wheels of the seat move in unison and may be locked together in either the operational or storage position. *See, e.g.,* **Exhibit 5**, 1:59–2:5.

66.    The '389 Patent includes one independent claim—Claim 1—which recites:

1. A baby safety car seat having, at least when in use, a state in which the baby safety car seat is convertible into a rollable baby seat, the baby safety car seat, in the state, comprising:

   a lower, support portion including a seat lowermost area with a seat lowermost surface configured to contact a vehicle surface to which the seat is to be mounted and defining a reference horizontal base plane;

   a right and a left leg attachment area each at a corresponding right or left side of the seat lowermost area, the right and left leg attachment areas extending along a common substantially horizontal axis disposed above the seat lowermost surface;

   an upper, seating portion having a front, head area and a rear, feet area, the head area being spaced from the reference horizontal base plane to a distance greater than the feet area; and

   a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lowermost area at the corresponding right or left leg attachment area so that each leg is rotatable about the common substantially horizontal axis between a storage position to be taken in a safety car seat mode of the seat, in which the distal ends of the legs are disposed above the reference horizontal base plane, and an operational position to be taken in a rollable mode of the seat, in which the distal ends of the legs are disposed below the reference horizontal base plane; and

   a right and a left locking mechanism each disposed in the corresponding legs attachment area and configured to perform at least one of the following functions on the pair of the legs associated therewith: (a) to lock at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, from the storage position into the operational position; (b) to lock at least one of the legs, when in the operational position, to the lower portion of the seat; or (c) to lock the legs to each other.

67. The '390 Patent similarly includes one independent claim—Claim 1—

which recites:

1. A baby safety car seat having, at least when in use, a state in which the baby safety car seat is convertible into a rollable baby seat, the baby safety car seat, at least in the state, comprising:

a lower, support portion including a seat lowermost area with a seat lowermost surface configured to contact an external surface to which the seat is to be mounted, and defining a reference horizontal base plane, and two leg attachment areas at two sides of the lowermost area and above the seat lowermost surface;

an upper, seating portion having a front, head area and a rear, feet area, the head area being spaced from the reference horizontal base plane to a distance greater than the feet area;

a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lowermost area at the corresponding leg attachment area, each leg being rotatable from a storage position to be taken in a safety car seat mode of the seat, in which the distal end of the leg is disposed above the reference horizontal base plane, via an intermediate position into an operational position to be taken in a rollable mode of the seat, in which the distal end of the leg is disposed below the plane; in each of the right and left pairs of front and rear legs, each of the front and rear legs is configured to rotate in the same direction as the other leg of the same pair when moving into the storage position and when moving into the operational position, and at least one of the legs in each of the right and left pairs being configured for moving at least along a part of its way between the storage and the operational positions under the influence of gravity; and

a locking mechanism configured for locking a first leg of each pair of legs to a second leg of the same pair of legs in at least one of the storage position, the intermediate position, or the operational position of the first leg, and unlocking the first and second legs from each other in at least one other position of the first leg.

68.    Despite the foregoing issued patents, EVENFLO has willfully infringed each of said patents in an effort to unlawfully and unfairly compete with Plaintiffs.

69.    As such, Plaintiffs have been required to retain the undersigned counsel to pursue their interests in this matter and are obligated to pay the undersigned a reasonable attorneys' fee for their services and to reimburse the undersigned for any costs incurred in connection with said representation.

## COUNT ONE
### INFRINGEMENT OF THE '781 PATENT

70.    Plaintiffs reallege and reassert, as if fully set forth herein, paragraphs One (1) through Sixty-Four (64) of the instant Complaint.

71.    EVENFLO has made, used, sold, offered for sale, and/or imported child car seats into the United States, including the infringing EVENFLO Shyft DualRide, that practices at least one claim of the '781 Patent. Such unlawful conduct continues as of the filing of this Complaint.

72.    Specifically, the EVENFLO Shyft DualRide car seat meets all limitations of Claim 1 of the '781 Patent.

73.    As more particularly set forth above, Claim 1 of the '781 Patent recites a "car seat" that "is convertible into a rollable baby seat," comprising "a lower, support portion including a seat lowermost area configured to contact a vehicle surface to which the seat is to be mounted and defining a reference horizontal base place, and two leg attachment areas on two sides of the lowermost area[.]"

74.    Likewise, the infringing EVENFLO Shyft DualRide contains a lower support portion that is designed to mount to a vehicle surface (i.e., directly or indirectly to a passenger seat), with the wheels folded against the lowermost portion of the car seat.

75.    The infringing EVENFLO Shyft DualRide car seat is designed so that the wheels fold up against the lowermost portion of the car seat to enable it to be securely placed on a vehicle surface (i.e., directly to the passenger seat or via a support permanently mounted to the passenger seat and constituting a part thereof).

76.    Additionally, as required under the '781 Patent, the EVENFLO Shyft DualRide contains a reference horizontal base plane that passes through the lowermost area of the lower support of the seat.

77.    Representative images of the foregoing features of the infringing unit are depicted below, and are available on the EVENFLO website at https://www.evenflo.com/collections/car-seat-stroller-combos:



78.    Further illustrative of the infringing nature of the EVENFLO's Shyft DualRide, below is a screenshot of a video posted on *The Stroller Mom's* YouTube channel demonstrating that the infringing unit contains a lower, support portion, including a seat lowermost area with a seat lowermost surface configured to contact a vehicle surface:[2]



79.    Claim 1 of the '781 Patent further requires "two leg attachment areas on two sides of the lowermost area[.]" To this end, the infringing EVENFLO Shyft DualRide has the required two areas on both sides of the car seat at which legs are attached.



Two leg attachment areas on the lowermost area.

---

[2] The Stroller Mom, *Evenflo Shyft DualRide Review | Don't Buy Until You Watch This*, YOUTUBE (May 26, 2024) https://www.youtube.com/watch?v=ynS7v9DJeiw.

80.    Claim 1 of the '781 Patent further requires "an upper, seating portion having a front, head area and a rear, feet area, the head area being spaced from the base plane to a distance greater than the feet area," all elements which are found in the infringing unit.



81.    Claim 1 of the '781 Patent further requires "a handle having a handle distal end and two handle proximal ends at which the handle is attached to the lower portion of the seat . . ." As demonstrated below, the Shyft DualRide contains all of these elements.



82.    Claim 1 of the '781 Patent further requires that "the handle is attached to the lower portion of the seat so as to be rotatable about a substantially horizontal handle rotation axis substantially parallel to and lying above the reference horizontal plane . . ." Such elements are, indeed, met by the Shyft DualRide infringing unit.



83.    Claim 1 of the '781 Patent further requires said plane be maintained "between a storage position in which the handle distal end is disposed adjacent to the head area of the upper portion of the seat and at least a carrying position, in which the handle has an orientation substantially vertical relative to the substantially horizontal handle rotation axis and is disposed between the head and the feet areas of the upper portion of the seat," all elements which are found in the infringing Shyft DualRide.



84.    Claim 1 of the '781 Patent further requires "a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lower portion at the corresponding leg attachment area[.] As required by the '781 Patent, these elements are necessarily contained in the infringing unit, as shown below:



85.    Claim 1 of the '781 Patent further requires "both of the legs being rotatable relative to each other and to the seat lower portion between a storage position to be taken in a safety car seat mode of the seat, in which the distal ends of the legs are disposed above the base plane . . ." These elements are likewise found in the Shyft DualRide infringing car seat.



86.    Claim 1 of the '781 Patent further requires "an operational position to be taken in a rolling-carrier mode of the seat, in which the distal ends of the legs are disposed below the reference horizontal plane, the legs being deployable into the operational position in combination with the handle being deployable at least into the carrying position." As advertised by EVENFLO on its website at https://www.evenflo.com/products/gold-shyft-dualride-car-seat-stroller-combo-carryall-storage, the infringing Shyft DualRide contains all of the aforementioned elements:



87.    By making, using, selling, offering for sale, and/or importing into the United States the Shyft DualRide car seat, EVENFLO infringed and continues to infringe at least one claim of the '781 Patent literally, *and at an absolute minimum*, under the doctrine of equivalents.

88.    On information and belief, EVENFLO has knowledge of the '781 Patent, at least because of Plaintiff's regular and consistent marking of its own products pursuant to 35 U.S.C. §287(a). Despite EVENFLO's knowledge of the '781 Patent and its infringing activities, EVENFLO has infringed and continues to infringe at least one claim of the '781 Patent by manufacturing, selling, and/or offering for sale the Shyft DualRide car seat. This intentional infringement without regard for Plaintiffs' patent rights, constitutes egregious conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

89.    The ongoing and continuous infringement by EVENFLO of the '781 Patent entitles Plaintiffs to an injunction permanently enjoining EVENFLO from further infringement of Plaintiffs' patent rights, pursuant to 35 U.S.C. § 283.

90.    Plaintiffs have suffered, and continue to suffer, damages from EVENFLO's infringement of the '781 Patent, and Plaintiffs are entitled to compensation and other monetary relief to the extent allowed by law, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT TWO
### INFRINGEMENT OF THE '389 PATENT

91.    Plaintiffs reallege and reassert, as if fully set forth herein, paragraphs One (1) through Sixty-Four (64) of the instant Complaint.

92.    EVENFLO has made, used, sold, offered for sale, and/or imported child car seats into the United States, including the Shyft DualRide, that practices at least one claim of the '389 Patent. Such unlawful conduct continues as of the filing of this Complaint.

93.    Specifically, the EVENFLO Shyft DualRide car seat meets all limitations of at least Claim 1 of the '389 Patent.

94.    As more particularly set forth above, Claim 1 of the '389 Patent requires a "car seat" that "is convertible into a rollable baby seat," comprising "a lower support portion including a seat lowermost area with a seat lowermost surface configured to contact a vehicle surface to which the seat is to be mounted and

defining a horizontal base plane[.]"

95.    Likewise, the infringing EVENFLO Shyft DualRide contains a lower support portion that is designed to mount to a vehicle surface, i.e., directly to the passenger seat or via a support permanently mounted to the passenger seat and constituting a part thereof, with the wheels folded against the lowermost portion of the car seat.

96.    As required under the '389 Patent, the infringing unit requires the wheels to be folded against the lowermost portion of the car seat, specifically designed to be mounted to a vehicle surface, i.e., directly to the passenger seat or via a support permanently mounted to the passenger seat and constituting a part thereof.

97.    A representative image of the infringing EVENFLO Shyft DualRide is depicted below, and is available on the EVENFLO website at https://www.evenflo.com/collections/car-seat-stroller-combos:



98.    Claim 1 of the '389 Patent further requires "a right and left leg

attachment area each at corresponding right or left side of the seat lowermost area, the right and left leg attachment areas extending along a common substantially horizontal axis disposed above the seat lowermost surface[.]" Indeed, the infringing EVENFLO Shyft DualRide contains the required two areas on both sides of the car seat by which leg attachments are attached and unquestionably extend along a common substantially horizontal axis.



99.    Claim 1 of the '389 Patent further requires "an upper, seating portion having a front, head area and a rear, feet area, the head areas being spaced from the reference horizontal base plane to a distance greater than the feet area[,]" all elements which are found in the infringing unit.



100.   Claim 1 of the '389 Patent further requires "a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lowermost area at the corresponding right or left legs attachment area so that each leg is rotatable about the common substantially horizontal axis between a storage position to be taken in a safety car seat mode of the seat, in which the distal ends of the legs are disposed above the reference horizontal base plane, and . . ." The infringing EVENFLO Shyft DualRide has all necessary elements, as depicted below.



101.   Claim 1 of the '389 Patent further requires "a right and left locking mechanism each disposed in the corresponding legs attachment area and configured to perform at least one of the following functions on the pair of the legs associated therewith: (a) to lock at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, from the storage position into the operational position; (b) to lock at least one of the legs, when in the operational position, to the lower portion of the seat; or (c) to lock the legs to each other." These elements are, indeed, met by the infringing EVENFLO Shyft DualRide unit as depicted below:[3]

---

[3] First Image obtained from https://csftl.org/evenflo-shyft-dualride-rear-facing-only-car-seat-review/; Second and Third Image obtained from https://www.evenflo.com/products/shyft-dualride-car-seat-stroller-combo-carryall-storage.

Lever to Unlock Legs in Operational Position



Transition to Legs Locking in Storage Position

Legs Locked in Storage Position



102.   By making, using, selling, offering for sale, and/or importing into the United States the infringing Shyft DualRide car seat, EVENFLO infringed and continues to infringe at least one claim of the '389 Patent literally, *and at an absolute minimum*, under the doctrine of equivalents.

103.   On information and belief, EVENFLO has knowledge of the '389 Patent, at least because of Plaintiff's regular and consistent marking of its own products pursuant to 35 U.S.C. §287(a). Despite EVENFLO's knowledge of the '389 Patent and its infringing activities, EVENFLO has infringed and continues to infringe at least one claim of the '389 Patent by manufacturing, selling, and/or offering for sale the Shyft DualRide car seat. This intentional infringement without regard for Plaintiffs' patent rights, constitutes egregious conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

104.   The ongoing and continuous infringement by EVENFLO of the '389 Patent entitles Plaintiffs to an injunction permanently enjoining EVENFLO from further infringement of Plaintiffs' patent rights, pursuant to 35 U.S.C. § 283.

105.   Plaintiffs have suffered, and continue to suffer, damages from EVENFLO's infringement of the '389 Patent, and Plaintiffs are entitled to compensation and other monetary relief to the extent allowed by law, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT THREE
### INFRINGEMENT OF THE '390 PATENT

106. Plaintiffs reallege and reassert, as if fully set forth herein, paragraphs One (1) through Sixty-Four (64) of the instant Complaint.

107. EVENFLO has made, used, sold, offered for sale, and/or imported child car seats into the United States, including the Shyft DualRide, that practices at least one claim of the '390 Patent. Such unlawful conduct continues as of the filing of this Complaint.

108. Specifically, the EVENFLO Shyft DualRide car seat meets all limitations of at least Claim 1 of the '390 Patent.

109. As more particularly set forth above, Claim 1 of the '390 Patent recites a "car seat" that "is convertible into a rollable baby seat," comprising "a lower support portion including a seat lowermost area with a seat lowermost surface configured to contact an external surface to which the seat is to be mounted, and defining a reference horizontal base plane and . . ."

110. As required by the of the '390 Patent, the infringing EVENFLO Shyft DualRide contains a lower support portion that is configured to be mounted to an external surface, i.e., the external surface of a seat within a car.

111. Likewise, upon placing the infringing unit upon this external surface, a clearly defined horizontal base plane is created.

112.   A representative image of the infringing EVENFLO Shyft DualRide is depicted below, and is available on the EVENFLO website at https://www.evenflo.com/collections/car-seat-stroller-combos:



113.   Claim 1 of the '390 Patent further requires "two leg attachment areas at two sides of the lowermost area and above the seat lowermost surface[.]" To this end, the infringing EVENFLO Shyft DualRide contains the two areas on both sides of the car seat by which the leg attachments are attached:



114.   Claim 1 of the '390 Patent further requires "an upper, seating portion having a front, head area and a rear, feet area, the head area being spaced from the reference horizontal base plane to a distance greater than the feet area," all elements which are found in the infringing EVENFLO Shyft DualRide unit:



115.   Claim 1 of the '390 Patent further requires "a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lowermost area at the corresponding leg attachment area . . ." Such elements are necessarily found in the EVENFLO Shyft DualRide infringing unit, as depicted below:



116.    Claim 1 of the '390 Patent further requires "each leg being rotatable from a storage position to be taken in a safety car seat mode of the seat, in which the distal end of the leg is disposed above the reference horizontal base plane, via an intermediate position into an operational position to be taken in a rollable mode of the seat, in which the distal end of the leg is below the plane[.]" As advertised by EVENFLO as the Shyft DualRide's prominent selling-point, these elements are all found in the infringing unit.[4]



117.    Claim 1 of the '390 Patent further requires "in each of the right and left pairs of front and rear legs, each of the front and rear legs is configured to rotate in the same direction as the other leg of the same pair when moving into the storage position and when moving into the operational position, and at least one of the legs in each of the right and left pairs being configured for moving at least along a part of its way between the storage and the operational positions under the influence of

[4] Image obtained from https://www.evenflo.com/products/shyft-dualride-car-seat-stroller-combo-carryall-storage.

gravity. . ." These elements are all contained in the infringing unit, as demonstrated and advertised by EVENFLO on its website at https://www.evenflo.com/products/shyft-dualride-car-seat-stroller-combo-carryall-storage:



118.   Claim 1 of the '390 Patent further requires "a locking mechanism configured for locking a first leg of each pair of legs to a second leg of the same pair of legs in at least one of the storage position, intermediate position, or the operational

position of the first leg, and unlocking the first and second legs from each other in at least one other position of the first leg." The infringing EVENFLO Shyft DualRide contains these required elements, as is advertised by EVENFLO:



119.    By making, using, selling, offering for sale, and/or importing into the United States the Shyft DualRide car seat, EVENFLO infringed, and continues to infringe, at least one claim of the '390 Patent literally, *and at an absolute minimum*, under the doctrine of equivalents.

120.    On information and belief, EVENFLO has knowledge of the '390 Patent, at least because of Plaintiff's regular and consistent marking of its own products pursuant to 35 U.S.C. §287(a). Despite EVENFLO's knowledge of the '390 Patent and its infringing activities, EVENFLO has infringed, and continues to infringe, at least one claim of the '390 Patent by manufacturing, selling, and/or offering for sale the Shyft DualRide car seat. This intentional infringement without regard for Plaintiffs' patent rights, constitutes egregious conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

121.    The ongoing and continuous infringement by EVENFLO of the '390 Patent entitles Plaintiffs to an injunction permanently enjoining EVENFLO from further infringement of Plaintiffs' patent rights, pursuant to 35 U.S.C. § 283.

122.    Plaintiffs have suffered, and continue to suffer, damages from EVENFLO's infringement of the '390 Patent, and Plaintiffs are entitled to compensation and other monetary relief to the extent allowed by law, pursuant to 35 U.S.C. §§ 284 and 285.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, TIL and DOONA, respectfully request this Court to enter judgment in its favor and against EVENFLO on all claims set forth, *supra*, and respectfully request this Court to:

(a)    Enter judgment that EVENFLO has infringed, and continues to infringe, at least one claim of the '781 Patent in violation of at least one of 35 U.S.C. § 271(a) literally, *and at an absolute minimum*, under the doctrine of equivalents;

(b)    Award Plaintiffs all available and legally permissible damages and relief sufficient to compensate Plaintiffs for EVENFLO's infringement of the '781 Patent, including to the full extent permitted by 35 U.S.C. § 284, together with costs, attorneys' fees and interest, in amounts to be determined at and, where appropriate, following trial;

(c)    Declare EVENFLO's infringement of the '781 Patent to be willful and award Plaintiffs treble damages and attorneys' fees in accordance with 35 U.S.C. § 284;

(d)    Enter judgment that EVENFLO has infringed, and continues to infringe, at least one claim of the '389 Patent in violation of at least one of 35 U.S.C. § 271(a) literally, *and at an absolute minimum*, under the doctrine of equivalents;

(e)  Award Plaintiffs all available and legally permissible damages and relief sufficient to compensate Plaintiffs for EVENFLO's infringement of the '389 Patent, including to the full extent permitted by 35 U.S.C. § 284, together with costs, attorneys' fees and interest, in amounts to be determined at and, where appropriate, following trial;

(f)  Declare EVENFLO's infringement of the '389 Patent to be willful and award Plaintiffs treble damages and attorneys' fees in accordance with 35 U.S.C. § 284;

(g)  Enter judgment that EVENFLO has infringed, and continues to infringe, at least one claim of the '390 Patent in violation of at least one of 35 U.S.C. § 271(a) literally, *and at an absolute minimum*, under the doctrine of equivalents;

(h)  Award Plaintiffs all available and legally permissible damages and relief sufficient to compensate Plaintiffs for EVENFLO's infringement of the '390 Patent, including to the full extent permitted by 35 U.S.C. § 284, together with costs, attorneys' fees and interest, in amounts to be determined at and, where appropriate, following trial;

(i)  Declare EVENFLO's infringement of the '390 Patent to be willful and award Plaintiffs treble damages and attorneys' fees in accordance with 35 U.S.C. § 284;

(j)   Immediately and permanently enjoin EVENFLO, under 35 U.S.C. § 283, from making, using, selling, offering for sale, and/or importing into the United States the Shyft DualRide car seat;

(k)   Declare this to be an exceptional case under 35 U.S.C. § 285 and award Plaintiffs costs, expenses, attorneys' fees and all other recoverable disbursements in this action; and

(l)   Award Plaintiffs such other and further relief as may be permitted and is appropriate at law or in equity.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, TIL and DOONA, hereby demand a trial by jury of all issues so triable as a matter of law pursuant to FED. R. CIV. P. 38(b).

Dated:  October 29, 2024.


*Of Counsel:*
ALEXANDER D. BROWN, ESQ.
FLA. BAR NO. 752665
abrown@conceptlaw.com
*Pro Hac Vice appl. forthcoming*

SCOTT D. SMILEY, ESQ.
FLA. BAR NO. 678341
scott@conceptlaw.com
*Pro Hac Vice appl. forthcoming*

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

*Attorneys for Plaintiffs*

ZAC DAVIS, ESQ.
FLA. BAR NO. 1039020
zdavis@conceptlaw.com
*Pro Hac Vice appl. forthcoming*

THE CONCEPT LAW GROUP, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Florida 33309
(754) 300-1500

*Attorneys for Plaintiffs*