IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRAVELER INNOVATIONS LTD., and DOONA HOLDINGS LTD, <br><br> Plaintiffs, <br><br> v. <br><br> EVENFLO COMPANY, INC, <br><br> Defendant. | C.A. No. 24-1204 (RGA) <br><br> **JURY TRIAL DEMANDED** |

## ANSWER TO COMPLAINT

Defendant Evenflo Company, Inc. ("Evenflo") responds to the Complaint of Plaintiffs Traveler Innovations Ltd. ("TIL") and Doona Holdings LTD ("Doona" and together with TIL, collectively "Plaintiffs") as follows:

## JURISDICTION, VENUE, AND THE PARTIES

1.      This is an action brought pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 271, *et. seq.*

## ANSWER

Evenflo admits that the Complaint alleges claims arising under the Patent Laws of the United States.

2.      This Court has original jurisdiction pursuant to Title 28, United States Code, Section 1331, as this case involves a federal question arising under the Constitution, laws, or treaties of the United States.

## ANSWER:

Evenflo admits that this Complaint alleges patent infringement under U.S patent laws and that this Court has original jurisdiction over the Complaint.

3.      TIL is a foreign corporation duly organized and existing under the laws of Hong Kong, having its principal place of business located in Hong Kong.

**ANSWER**:

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4.      DOONA is a foreign corporation duly organized and existing under the laws of Hong Kong, having its principal place of business located in Hong Kong.

**ANSWER**:

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.

5.      On information and belief, EVENFLO is a Delaware corporation having its principal place of business at 225 Byers Road, Miamisburg, Ohio 45342.

**ANSWER**:

Evenflo admits it is a Delaware corporation. Evenflo denies its principal place of business is at 225 Byers Road, Miamisburg, Ohio 45342.

6.      This action arises as a result of the infringing conduct of EVENFLO, which implicates interstate commerce.

**ANSWER**:

Evenflo denies the allegations of paragraph 6.

7.      Venue is proper in the District of Delaware pursuant to Title 28, United States Code, Section 1391(b) and (c) as EVENFLO "resides" in this judicial district, as the term "reside" is interpreted under Chapter 87, United States Code, and because a substantial part of the events giving rise to the infringement claims at issue occurred within this judicial district. Venue is also

appropriate pursuant to Title 28, United States Code, Section 1400(b), which provides, in part, that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides".

**ANSWER:**

Evenflo admits that it resides in this Judicial District and that venue is proper. Evenflo denies any remaining allegations in paragraph 7.

8.       All conditions precedent have been met, waived, or satisfied to bring this lawsuit.

**ANSWER:**

Evenflo states that paragraph 8 is a legal conclusion to which no answer is required.  To the extent an answer is required, Evenflo denies the allegations in paragraph 8.

## GENERAL ALLEGATIONS

## TIL, DOONA, AND THEIR INNOVATIVE CAR SEAT AND STROLLER

9.       TIL is a foreign company and is the parent company of its wholly-owned subsidiary, DOONA.

**ANSWER:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10.       TIL is the exclusive licensee of the federally registered DOONA trademark (the "Doona Mark"), and uses said mark to market and sell its products throughout the world.

**ANSWER:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

11.    To this end, TIL, together with its affiliated companies and dedicated team of innovators, have been researching and developing cutting-edge parenthood-related products for more than a decade. Since the commencement of such innovative efforts, TIL's focus has remained on making "life on the go" for parents with newborn and younger aged children easier and more cost-efficient without compromising on functionality, safety, or quality of the products that facilitate such pace. Indeed, a core of TIL's mission has been to develop innovative products and solutions that address unmet needs in day-to-day parenting.

**ANSWER**:

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12.    Much of TIL's vision was borne through its Shareholder, Yoav Mazar, after he struggled to keep up the fast pace of life as a new parent when his first child, Danielle Mazar (who was nicknamed "Doona"), was born. Mr. Mazar appreciated the tremendous responsibility and important task of protecting his daughter through the proper usage of car seats and strollers, but he also visualized the need for a simpler solution to safely and securely transition a child from a car seat to a stroller.

**ANSWER**:

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13.    In other words, Mr. Mazar recognized the critical importance of car seat safety for young children, and the need for a safe and reliable solution to transition a child from inside to outside of the car.

**ANSWER**:

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies them.

14.     As such, Mr. Mazar set out to transform the infant car seat to operate also as a stroller in a safe, yet simple and practical, manner, allowing a smooth transition from usage within a car to an outside environment. This vision did not come without hurdles, however, as Mr. Mazar faced an immense challenge navigating the stringent safety standards related to car seats and strollers, while also desiring to create a functional, lightweight, and portable product.

**ANSWER**:

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies them.

15.     Through such vision, following tireless thought and effort, an innovative combined car seat and stroller product was conceived and subsequently named after his daughter—the Doona Car Seat & Stroller. Once refined, the product eventually emerged as a combined unit that, unlike any other before it, was able to fold quickly and easily as a fully assembled unit with a sleek urban design. Additionally, unlike most strollers, the handle of the stroller is not fixed in an inclined, pushing position. Instead, the Doona Car Seat & Stroller implemented a revolutionary system by which the pushing handle can transition into either the inclined pushing position or into a vertical position so that the user can roll it similar to a suitcase. An illustrative example of this ingenuity, and how it works, is depicted in the below progression graphic of the product starting in the form of a car seat and transforming into a stroller:



**ANSWER:**

Evenflo denies that "an innovative combined car seat and stroller product was conceived." Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies them.

16.    Such innovation was recognized by the United States Patent and Trademark Office ("USPTO") when it issued U.S. Patent Nos. 8,434,781 ("the '781 Patent"), 8,469,389 ("the '389 Patent"), and 8,469,390 ("the '390 Patent"), (collectively, the "Car Seat and Stroller Patents").

**ANSWER:**

Evenflo denies the allegations of paragraph 16.

17.    The revolutionary Doona Car Seat & Stroller created an entirely new market segment for car seats and strollers and this market segment was dominated by TIL, at least in part, through the competitive advantage it obtained with its patent protection.

**ANSWER:**

Evenflo denies that the Doona Car Seat & Stroller was revolutionary and created an entirely new market segment for car seats and strollers.  Evenflo lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies them.

18.     The innovative, revolutionary, car seat/stroller combo product provided numerous benefits to parents, including the benefit of reducing how many components/parts were required to be brought along while traveling with their child. Parents are no longer required to carry bulky car seats *and separate* strollers in order to travel with their young children.

**<u>ANSWER</u>:**

Evenflo denies that the Doona Car Seat & Stroller was revolutionary and innovative. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies them.

19.     Additionally, parents were no longer required to transfer their child from the car seat to the stroller when leaving the car. They can easily detach the car seat from its base in the automobile, unfold its legs, and use it in stroller mode.

**<u>ANSWER</u>:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20.     In other words, by creating the combination of a car seat together with a stroller, TIL eliminated major stress that parents encounter when traveling with their child, as all necessary components were combined into a single unit.

**<u>ANSWER</u>:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies them.

21.     In fact, TIL's innovative car seat and stroller combo won numerous global innovation awards, including most innovative baby gear product, by several of the largest global organizations in the field, namely the JPMA Innovation Award in 2014, the FQ Top Gear Award in 2014, the Kind and Jugend Innovation Award in 2014, the European Product Design Award in 2017, and the  Baby Products Association Award in 2014, the Mother and Baby Awards in 2015, the Baby Innovation Award in 2016, the Prix De L'innovation in 2016, the Banta Winner in 2014, the Gentle Parenting 2015 Gold Winner, and the Junior Design Awards for Most Innovative Parenting Product and Best Car Seat in 2014.

**ANSWER:**

Evenflo denies that the Doona Car Seat & Stroller was innovative. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21, and therefore denies them.

## PLAINTIFFS' INTELLECTUAL PROPERTY

22.     DOONA is the owner of the Car Seat and Stroller Patents.

**ANSWER:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23.     TIL is the exclusive licensee of all of the Car Seat and Stroller Patents and, pursuant to the terms of its exclusive license, TIL has the exclusive right to, inter alia, collect revenues and profits derived from the Car Seat and Stroller Patents to exclude others from making, using, offering for sale, selling or importing into the United States any goods that practice the Car Seat and Stroller Patents, as well controlling all aspects of sublicensing any of the aforementioned rights.

**ANSWER:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

24.    As part of its efforts to monetize its exclusive rights in the Car Seat and Stroller Patents, TIL sublicenses to SP Distribution, LLC, a Nevada corporation ("SPD"), to assist in the effort to market, sell, and distribute products covered by the Car Seat and Stoller Patents within and throughout the United States. TIL does not sublicense the Car Seat and Stroller Patents to any other entity or person for activity within the United States.

**ANSWER:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25.    In an effort to protect its intellectual property, Doona marks all of its products with a marking imprint informing customers and potential customers of its patents and pending patents. Additionally, on every product's packaging, Doona included a marking directing customers and potential customers to its website at www.doona.com/ip to learn about Doona's intellectual property.

**ANSWER:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

### EVENFLO'S HISTORY OF INFRINGEMENT AND DISREGARD OF OTHER'S INTELLECTUAL PROPERTY RIGHTS

26.    EVENFLO is also in the business of manufacturing and selling child car seats and strollers, and is a direct competitor to Plaintiffs and their sublicensee, SPD.

**ANSWER:**

Evenflo admits it is in the business of manufacturing and selling car seats and strollers. Evenflo denies any remaining allegations in paragraph 26.

27.    Unlike Plaintiffs, however, EVENFLO is a company that has been the subject of multiple patent infringement lawsuits.

**ANSWER:**

The allegations of paragraph 27 are irrelevant to the subject matter of this Complaint and therefore denied.

28.    For example, in recent history, EVENFLO was sued in 2018 for patent infringement by Wonderland Switzerland AG, a company which, through itself and its affiliates, designs, markets, and promotes child-related products for brands such as Graco, Nuna, and Joie (collectively "Wonderland") for infringing Wonderland's child car seat technology related to child car seats. *See Wonderland Switzerland AG v. Evenflo Co., Inc. & Goodbaby US Holdings, Inc.*, 564 F. Supp. 3d 320 (D. Del. 2021) (the "2018 Evenflo Litigation").

**ANSWER:**

Evenflo expresses that the allegations of paragraph 28 are irrelevant to the subject matter of this Complaint, and therefore denies them.

29.    At a bench trial, the District Court found that EVENFLO infringed multiple claims of the patents in-suit and assessed damages against EVENFLO for its infringement. *Id.*

**ANSWER:**

Evenflo expresses that the allegations of paragraph 29 are irrelevant to the subject matter of this Complaint, and therefore denies them.

30.    In the midst of the 2018 Evenflo Litigation, EVENFLO was sued again in a separate action (for separate conduct) by Wonderland in 2020 for EVENFLO's infringement of two additional patents.

**ANSWER:**

Evenflo expresses that the allegations of paragraph 30 are irrelevant to the subject matter of this Complaint, and therefore denies them.

31.    Similar to the fate of the 2018 Evenflo Litigation, this 2020 case proceeded to a jury trial, and resulted in an additional adverse ruling against EVENFLO, as the jury determined EVENFLO infringed multiple claims of the patents-in-suit in that proceeding.

**ANSWER:**

Evenflo expresses that the allegations of paragraph 31 are irrelevant to the subject matter of this Complaint, and therefore denies them.

32.    Late in the 2020 proceeding, Wonderland learned that EVENFLO infringed even more of their patents than originally believed. Specifically, EVENFLO released a newly copied version of Wonderland's "Graco Nautilus" car seat in the first quarter of 2022. As a result, Wonderland filed a third action against EVENFLO on March 28, 2023, which is still in litigation.

**ANSWER:**

Evenflo expresses that the allegations of paragraph 32 are irrelevant to the subject matter of this Complaint, and therefore denies them.

33.    Due to its lack of innovation and complete disregard for the intellectual property rights of others, EVENFLO has apparently made its modus operandi to constantly scout the child car seat market for the most popular and successful brands to copy the aspects which make each product popular and successful, even if it requires blatant infringement of its competitor's intellectual property rights. Indeed, as recently as September 16, 2024, EVENFLO was sued by yet another stroller company, Baby Jogger, LLC, for infringement of five of Baby Jogger, LLC's patents, which cover multiple features of stroller products at issue there. *See Baby Jogger, LLC v. Evenflo Company, Inc.*, Case No. 1:24-cv-00723-GBW (D. Del. Sept. 16, 2024).

**ANSWER:**

Evenflo expresses that the allegations of paragraph 33 are irrelevant to the subject matter of this Complaint, and therefore denies them.

34.    Germane here, EVENFLO has now targeted the innovative and revolutionary car seat/stroller combination products marketed and distributed under the Doona Mark and covered by the Car Seat and Stroller Patents.

**ANSWER:**

Evenflo denies the allegations in paragraph 34.

**EVENFLO'S INFRINGEMENT OF THE CAR SEAT AND STROLLER PATENTS AND COPYING OF TIL'S MARKETING STRATEGY**

35.    In March 2023—months after being found liable for infringement for the second time in two years—EVENFLO began a marketing campaign related to the introduction of its then newest product, the "Shyft DualRide," which is an unmistakable knockoff of the innovative and revolutionary Car Seat & Stroller Combo marketed and distributed under the Doona Mark, and covered by the Car Seat and Stroller Patents.

**ANSWER:**

Evenflo admits to having a product with the name "Shyft DualRide." Evenflo denies any remaining allegations in paragraph 35.

36.    Worse, from the inception of EVENFLO's marketing campaign, EVENFLO endeavored to blatantly mimic all aspects of Plaintiffs' brand characteristics, including by adopting similar taglines and marketing graphics, and replicating even the most minute details (e.g., font combinations used by TIL and its sublicensee) to promote, market, and sell its infringing product.

**ANSWER:**

Evenflo denies the allegations of paragraph 36.

37.    Indeed, since at least 2019, TIL has conducted internal research to develop a variety of taglines, ultimately finding that certain taglines drew in more traffic than others, thus establishing distinctive brand language. Some of the taglines developed by TIL and utilized by it and its sublicensee include:



**ANSWER:**

Evenflo denies that any of the alleged "taglines" constitute "distinctive brand language." Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37, and therefore denies them.

38.     EVENFLO, following its *modus operandi*, took these taglines that TIL developed, and ever so slightly modified them in order to mimic TIL's marketing strategy. A representative sample of EVENFLO's efforts to mimic said marketing efforts include:



**ANSWER:**

Evenflo admits that materials for its Shyft DualRice have included the language "From Backseat to Street in a Heartbeat," "From Car Seat to Stroller," "Car Seat & Stroller Combo," and "Evenflo Travel System." Evenflo denies the remaining allegations in paragraph 38.

39.     As is clear from the foregoing, EVENFLO has made a conscious effort to mimic its direct competitor to market its infringing product. Indeed, the "Car Seat & Stroller Combo" phrase only replaced "and" with the ampersand ("&") symbol. Likewise, EVENFLO merely dropped "in seconds" when mimicking the "From Car Seat to Stroller in Seconds" tagline. And, the "EVENFLO Travel System" is a direct copy of the "DOONA Travel System" reference.

**ANSWER:**

Evenflo denies the allegations of paragraph 39.

40.     EVENFLO also clearly recognized that TIL's marketing strategy utilized two primary fonts in its taglines to ensure its brand was properly recognized across multiple platforms. Understanding TIL's goal and realized success, EVENFLO also set out to copy said font scheme

by incorporating virtually the same style fonts to apply within its taglines. The following annotated side-by-side advertisements demonstrate EVENFLO's mimicking of TIL's marketing efforts:



**ANSWER:**

Evenflo denies the allegations of paragraph 40.

41.    EVENFLO's copying of TIL's font choices is further illustrated by its incorporation of similar font schemes into the previously referenced stolen taglines:

 

**ANSWER:**

Evenflo denies the allegations of paragraph 41.

42.    With EVENFLO's marketing campaign efforts increasing through pirating TIL's marketing strategies, EVENFLO also copied TIL's method of showcasing its competing product. For example, TIL showcases the ease of converting the innovative and revolutionary Car Seat and Stroller Combo by using a three-step illustration, shown below:



**ANSWER:**

Evenflo denies the allegations of paragraph 42.

43.    In a virtually identical manner, EVENFLO adopted the following progression illustrations (albeit, with the mere inclusion of double arrows) to advertise its infringing (and directly competing) product:[1]

---

[1] First Image obtained from https://deal.town/evenflo/make-the-shyft-into-action-with-shyft-dualride-P3J7SK3NZ9; Second Image obtained from https://www.evenflo.com/products/gold-shyft-dualride-car-seat-stroller-combo-carryall-storage.





**ANSWER:**

Evenflo denies the allegations of paragraph 43.

44.    It is unambiguously clear that EVENFLO pilfered its marketing strategy directly from TIL's efforts. Indeed, even a brief comparison of the foregoing graphics readily reveals the striking similarities.

**ANSWER:**

Evenflo denies the allegations of paragraph 44.

45.    Further illustrative of its intentional and willful desire to misappropriate TIL's intellectual property rights, EVENFLO has also purchased online advertisements to directly mimic

and target TIL's marketing efforts. In fact, EVENFLO's online advertisements did not just appear when searching for baby seats and strollers *in general*; instead, EVENFLO seemingly purchased advertisements that would appear when searching *specifically* for "Doona" and TIL's products.

**ANSWER:**

Evenflo denies the allegations of paragraph 45.

46.    Thus, when a potential TIL customer searched specifically for products branded by the Doona Mark or by TIL's taglines, EVENFLO advertisements would appear. For example, if a potential customer took to Google and searched specifically for the Doona "Car Seat and Stroller Combo," EVENFLO's sponsored advertisements for the "Evenflo Car Seat & Stroller" would appear. The same would occur when the potential customer also searched for the Doona "Travel System." A copy of the search results is attached hereto as ***Exhibit 1***.

**ANSWER:**

Evenflo expresses that the allegations of paragraph 46 are irrelevant to the subject matter of this Complaint, and therefore denies them.

47.    Expanding its reach, EVENFLO also took to Amazon to obtain the same result. Thus, when a consumer searches specifically for "Doona" products on Amazon, EVENFLO's infringing product appears in the first row of products, and as the featured graphic, as shown below:



**ANSWER:**

Evenflo expresses that the allegations of paragraph 47 are irrelevant to the subject matter of this Complaint, and therefore denies them.

48.     Suffice to say, EVENFLO developed a *modus operandi* with the sole focus of extracting as much profit, goodwill, and customer recognition from stolen intellectual property as possible.

**ANSWER:**

Evenflo denies the allegations in paragraph 48.

49.     This modus operandi is even confirmed by EVENFLO during the bench trial that occurred in the 2018 Evenflo Litigation. For example, when Eric Dahle, an EVENFLO car seat design engineer for EVENFLO, sat for Direct Examination, he was questioned about EVENFLO's "Patent Work Request" process. He explained "If there's an idea that is either patentable or whether we know that there are things out there that might have patents, an idea is submitted through our legal group to have those patent questions answered, whether or not there could be an infringement

or whether or not we could patent something." ***Exhibit 2***, Excerpted Transcript of Bench Trial, Direct of Eric Dahle at 216, *Wonderland Switzerland AG v. Evenflo Co., Inc.*, No. 18-1990 (D. Del. Feb. 3, 2021), ECF 168 (PACER).

**ANSWER:**

Evenflo admits that Exhibit 2 contains a transcript excerpt that purports to include testimony from Eric Dahle. Evenflo denies the remaining allegations in paragraph 49.

50.    When questioned if these Patent Work Requests is the process by which EVENFLO learned of the Wonderland patents, Eric Dahle explained "I'm certain that they came up in those. If there was a patent work request around them, they would have come up." *Id*.

**ANSWER:**

Evenflo expresses that the allegations of paragraph 50 are irrelevant to the subject matter of this Complaint, and therefore denies them.

51.    When asked if EVENFLO learned about the Wonderland patents through this Patent Work Request, Eric Dahle answered "I don't recall specifically. I recall seeing an email with that information, but I don't recall the specifics of that." *Id*.

**ANSWER:**

Evenflo expresses that the allegations of paragraph 51 are irrelevant to the subject matter of this Complaint, and therefore denies them.

52.    Based on the testimony of Eric Dahle, it is evident that EVENFLO implements a process to track its competitors' products and patent applications through EVENFLO's Patent Work Request process.

**ANSWER:**

Evenflo denies the allegations in paragraph 52.

## THE CAR SET AND STROLLER PATENTS

53.    On May 7, 2013, the USPTO issued the '781 Patent, entitled *Baby Safety Car Seat Convertible into a Rollable Baby Seat*. A true and correct copy of the '781 Patent is attached hereto as ***Exhibit 3***.

**ANSWER:**

          Evenflo admits that Exhibit 3 purports to be a non-certified copy of U.S Patent No. 8,434,781.  Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and therefore denies them.

54.    DOONA licensed all rights in the '781 Patent to TIL effective April 2014, providing TIL the exclusive rights to, *inter alia*, collect revenues and profits derived from the '781 Patent, to exclude others from making, using, offering for sale, selling or importing in the United States any good that practices the '781 Patent, as well controlling all aspects of sublicensing any of the aforementioned rights.

**ANSWER:**

    Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore denies them.

55.    Exercising its exclusive rights, TIL has sublicensed the right to sell products practicing the '781 Patent to SPD in the United States.

**ANSWER:**

    Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore denies them.

56.    TIL has the right to bring suit and enforce the '781 Patent, and to collect damages and profits for infringement.

**ANSWER:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore denies them.

57.    The '781 Patent describes a safety car seat that is convertible into a rollable baby seat, permitting the owner to save time and space when traveling with their child by allowing the legs/wheels of the seat to rotate into the desired position for easy carrying or pushing. *See, e.g.,* ***Exhibit 3***, 1:42–61.

**ANSWER:**

Evenflo admits that U.S Patent No. 8,434,781 discloses its contents and denies the allegations in paragraph 57 of the Complaint to the extent they allege something further.

58.    The '781 Patent further describes a car seat with a handle that may rotate into either a carrying or storage position, and that may also be extendable. *See, e.g.*, ***Exhibit 3***, 2:21–28.

**ANSWER:**

Evenflo admits that U.S Patent No. 8,434,781 discloses its contents and denies the allegations in paragraph 58 of the Complaint to the extent they allege something further.

59.    The '781 Patent includes one independent claim—Claim 1—which recites:

1. A baby safety car seat having, at least when in use, a state in which the baby safety car seat is convertible into a rollable baby seat, the baby safety car seat, at least in the state, comprising:

   a lower, support portion including a seat lowermost area configured to contact a vehicle surface to which the seat is to be mounted and defining a reference horizontal base plane, and two leg attachment areas on two sides of the lowermost area;

   an upper, seating portion having a front, head area and a rear, feet area, the head area being spaced from the base plane to a distance greater than the feet area;

   a handle having a handle distal end and two handle proximal ends at which the handle is attached to the lower portion of the

seat so as to be rotatable about a substantially horizontal handle rotation axis substantially parallel to and lying above the reference horizontal plane, between a storage position in which the handle distal end is disposed adjacent to the head area of the upper portion of the seat and at least a carrying position, in which the handle has an orientation substantially vertical relative to the substantially horizontal handle rotation axis and is disposed between the head and the feet areas of the upper portion of the seat; and

a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lower portion at the corresponding leg attachment area, both of the legs being rotatable relative to each other and to the seat lower portion between a storage position to be taken in a safety car seat mode of the seat, in which the distal ends of the legs are disposed above the base plane, and an operational position to be taken in a rolling-carrier mode of the seat, in which the distal ends of the legs are disposed below the reference horizontal plane, the legs being deployable into the operational position in combination with the handle being deployable at least into the carrying position.

**ANSWER:**

Evenflo admits that U.S Patent No. 8,434,781 contains a claim 1 as set forth therein.

60.    In addition to the issuance of the '781 Patent, on June 25, 2013, the USPTO also issued the '389 Patent and the '390 Patent, both of which are entitled *Baby Safety Car Seat Convertible into a Rollable Baby Seat*. A true and correct copy of said Patents are attached hereto as ***Exhibit 4*** and ***Exhibit 5***, *respectively*.

**ANSWER:**

Evenflo admits that Exhibit 4 purports to be a non-certified copy of U.S. Patent No. 8,469,389. Evenflo admits that Exhibit 5 purports to be a non-certified copy of U.S. Patent No. 8,469,390. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60, and therefore denies them.

61.     DOONA licensed all rights in the '389 Patent and the '390 Patent to TIL effective April 2014, providing TIL the exclusive rights, inter alia, to collect revenues and profits derived from the '389 Patent and the '390 Patent, to exclude others from making, using, offering for sale, selling or importing in the United States any good that practices said Patents, as well controlling all aspects of sublicensing any of the aforementioned rights.

**ANSWER:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies them.

62.     Exercising its exclusive rights, TIL sublicensed the right to sell products practicing the '389 Patent and the '390 Patent to SPD in the United States.

**ANSWER:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore denies them.

63.     TIL has the right to bring suit and enforce the '389 Patent and the '390 Patent, and to collect damages and profits for infringement.

**ANSWER:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore denies them.

64.     The '389 Patent describes a car seat with a locking mechanism by which the legs/wheels of the seat rotate along a horizontal axis and lock into position depending on the intended use (carrying or pushing). *See, e.g., **Exhibit 4**, 1:59–2:5.*

**ANSWER:**

Evenflo admits that U.S Patent No. 8,469,389 discloses its contents and denies the allegations in paragraph 64 of the Complaint to the extent they allege something further.

65.    Likewise, the '390 Patent describes a car seat with a locking mechanism by which either the front or back legs/wheels of the seat move in unison and may be locked together in either the operational or storage position. *See, e.g., **Exhibit 5**,* 1:59–2:5.

**ANSWER:**

Evenflo admits that U.S Patent No. 8,469,390 discloses its contents and denies the allegations in paragraph 65 of the Complaint to the extent they allege something further.

66.    The '389 Patent includes one independent claim—Claim 1—which recites:

1.  A baby safety car seat having, at least when in use, a state in which the baby safety car seat is convertible into a rollable baby seat, the baby safety car seat, in the state, comprising:

   a lower, support portion including a seat lowermost area with a seat lowermost surface configured to contact a vehicle surface to which the seat is to be mounted and defining a reference horizontal base plane;

   a right and a left leg attachment area each at a corresponding right or left side of the seat lowermost area, the right and left leg attachment areas extending along a common substantially horizontal axis disposed above the seat lowermost surface;

   an upper, seating portion having a front, head area and a rear, feet area, the head area being spaced from the reference horizontal base plane to a distance greater than the feet area; and

   a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lowermost area at the corresponding right or left leg attachment area so that each leg is rotatable about the common substantially horizontal axis between a storage position to be taken in a safety car seat mode of the seat, in which the distal ends of the legs are disposed above the reference horizontal base plane, and an operational position to be taken in a rollable

mode of the seat, in which the distal ends of the legs are disposed below the reference horizontal base plane; and

a right and a left locking mechanism each disposed in the corresponding legs attachment area and configured to perform at least one of the following functions on the pair of the legs associated therewith: (a) to lock at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, from the storage position into the operational position; (b) to lock at least one of the legs, when in the operational position, to the lower portion of the seat; or (c) to lock the legs to each other.

**ANSWER:**

Evenflo admits that U.S. Patent No. 8,469,389 contains a claim 1 as set forth therein.

67.    The '390 Patent similarly includes one independent claim—Claim 1— which recites:

1.    A baby safety car seat having, at least when in use, a state in which the baby safety car seat is convertible into a rollable baby seat, the baby safety car seat, at least in the state, comprising:

a lower, support portion including a seat lowermost area with a seat lowermost surface configured to contact an external surface to which the seat is to be mounted, and defining a reference horizontal base plane, and two leg attachment areas at two sides of the lowermost area and above the seat lowermost surface;

an upper, seating portion having a front, head area and a rear, feet area, the head area being spaced from the reference horizontal base plane to a distance greater than the feet area;

a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lowermost area at the corresponding leg attachment area, each leg being rotatable from a storage position to be taken in a safety car seat mode of the seat, in which the distal end of the leg is disposed above the reference horizontal base plane, via an intermediate position into an operational position to be taken in a rollable mode of the seat, in which the distal end of the leg is disposed below the plane; in each of the right and left pairs of front and rear legs, each of the front and rear legs is configured to rotate in the same direction as the other leg of the same pair when moving into the storage position and

when moving into the operational position, and at least one of the legs in each of the right and left pairs being configured for moving at least along a part of its way between the storage and the operational positions under the influence of gravity; and

a locking mechanism configured for locking a first leg of each pair of legs to a second leg of the same pair of legs in at least one of the storage position, the intermediate position, or the operational position of the first leg, and unlocking the first and second legs from each other in at least one other position of the first leg.

**ANSWER:**

Evenflo admits that U.S. Patent No. 8,469,390 contains a claim 1 as set forth therein.

68.    Despite the foregoing issued patents, EVENFLO has willfully infringed each of said patents in an effort to unlawfully and unfairly compete with Plaintiffs.

**ANSWER:**

Evenflo denies the allegations in paragraph 68.

69.    As such, Plaintiffs have been required to retain the undersigned counsel to pursue their interests in this matter and are obligated to pay the undersigned a reasonable attorneys' fee for their services and to reimburse the undersigned for any costs incurred in connection with said representation.

**ANSWER:**

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore denies them.

## COUNT ONE
## INFRINGEMENT OF THE '781 PATENT

70.    Plaintiffs reallege and reassert, as if fully set forth herein, paragraphs One (1) through Sixty-Four (64) of the instant Complaint.

**ANSWER:**

Evenflo incorporates its responses to paragraphs one (1) through sixty-four (64) of the Complaint as if fully set forth herein.

71.    EVENFLO has made, used, sold, offered for sale, and/or imported child car seats into the United States, including the infringing EVENFLO Shyft DualRide, that practices at least one claim of the '781 Patent. Such unlawful conduct continues as of the filing of this Complaint.

**ANSWER:**

Evenflo admits that it uses, sells, offers to sell, and/or imports into the United States the Evenflo Shyft DualRide. Evenflo denies any remaining allegations of paragraph 71.

72.    Specifically, the EVENFLO Shyft DualRide car seat meets all limitations of Claim 1 of the '781 Patent.

**ANSWER:**

Evenflo denies the allegations of paragraph 72.

73.    As more particularly set forth above, Claim 1 of the '781 Patent recites a "car seat" that "is convertible into a rollable baby seat," comprising "a lower, support portion including a seat lowermost area configured to contact a vehicle surface to which the seat is to be mounted and defining a reference horizontal base place, and two leg attachment areas on two sides of the lowermost area[.]"

**ANSWER:**

Evenflo admits that Claim 1 of the '781 Patent is directed to its contents and denies the allegations in paragraph 73 of the Complaint to the extent they allege something further.

74.    Likewise, the infringing EVENFLO Shyft DualRide contains a lower support portion that is designed to mount to a vehicle surface (i.e., directly or indirectly to a passenger seat), with the wheels folded against the lowermost portion of the car seat.

**ANSWER:**

Evenflo denies the allegations of paragraph 74.

75.    The infringing EVENFLO Shyft DualRide car seat is designed so that the wheels fold up against the lowermost portion of the car seat to enable it to be securely placed on a vehicle surface (i.e., directly to the passenger seat or via a support permanently mounted to the passenger seat and constituting a part thereof).

**ANSWER:**

Evenflo denies the allegations of paragraph 75.

76.    Additionally, as required under the '781 Patent, the EVENFLO Shyft DualRide contains a reference horizontal base plane that passes through the lowermost area of the lower support of the seat.

**ANSWER:**

Evenflo denies the allegations of paragraph 76.

77.    Representative images of the foregoing features of the infringing unit are depicted below, and are available on the EVENFLO website at https://www.evenflo.com/collections/car-seat-stroller-combos:



**ANSWER:**

      Evenflo admits that images of its products are available on their website, but Evenflo denies all other allegations of paragraph 77.

      78.    Further illustrative of the infringing nature of the EVENFLO's Shyft DualRide, below is a screenshot of a video posted on *The Stroller Mom's* YouTube channel demonstrating that the infringing unit contains a lower, support portion, including a seat lowermost area with a seat lowermost surface configured to contact a vehicle surface:[2]



---

[2] The Stroller Mom, *Evenflo Shyft DualRide Review | Don't Buy Until You Watch This*, YOUTUBE (May 26, 2024) https://www.youtube.com/watch?v=ynS7v9DJeiw.

**ANSWER:**

Evenflo denies the allegations of paragraph 78.

79.    Claim 1 of the '781 Patent further requires "two leg attachment areas on two sides of the lowermost area[.]" To this end, the infringing EVENFLO Shyft DualRide has the required two areas on both sides of the car seat at which legs are attached.



**ANSWER:**

Evenflo denies the allegations of paragraph 79.

80.    Claim 1 of the '781 Patent further requires "an upper, seating portion having a front, head area and a rear, feet area, the head area being spaced from the base plane to a distance greater than the feet area," all elements which are found in the infringing unit.



**ANSWER:**

Evenflo denies the allegations of paragraph 80.

81.    Claim 1 of the '781 Patent further requires "a handle having a handle distal end and two handle proximal ends at which the handle is attached to the lower portion of the seat . . ." As demonstrated below, the Shyft DualRide contains all of these elements.



**ANSWER:**

Evenflo denies the allegations of paragraph 81.

82.    Claim 1 of the '781 Patent further requires that "the handle is attached to the lower portion of the seat so as to be rotatable about a substantially horizontal handle rotation axis substantially parallel to and lying above the reference horizontal plane . . ." Such elements are, indeed, met by the Shyft DualRide infringing unit.



**ANSWER:**

Evenflo denies the allegations of paragraph 82.

83.    Claim 1 of the '781 Patent further requires said plane be maintained "between a storage position in which the handle distal end is disposed adjacent to the head area of the upper portion of the seat and at least a carrying position, in which the handle has an orientation substantially vertical relative to the substantially horizontal handle rotation axis and is disposed between the head and the feet areas of the upper portion of the seat," all elements which are found in the infringing Shyft DualRide.



**ANSWER:**

Evenflo denies the allegations of paragraph 83.

84.     Claim 1 of the '781 Patent further requires "a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lower portion at the corresponding leg attachment area[.] As required by the '781 Patent, these elements are necessarily contained in the infringing unit, as shown below:



**ANSWER:**

Evenflo denies the allegations of paragraph 84.

85.     Claim 1 of the '781 Patent further requires "both of the legs being rotatable relative to each other and to the seat lower portion between a storage position to be taken in a safety car seat mode of the seat, in which the distal ends of the legs are disposed above the base plane . . ." These elements are likewise found in the Shyft DualRide infringing car seat.



**ANSWER:**

Evenflo denies the allegations of paragraph 85.

86.     Claim 1 of the '781 Patent further requires "an operational position to be taken in a rolling-carrier mode of the seat, in which the distal ends of the legs are disposed below the reference horizontal plane, the legs being deployable into the operational position in combination with the handle being deployable at least into the carrying position." As advertised by EVENFLO on its website at https://www.evenflo.com/products/gold-shyft-dualride-car-seat-stroller-combo-carryall-storage, the infringing Shyft DualRide contains all of the aforementioned elements:



**ANSWER:**

Evenflo denies the allegations of paragraph 86.

87.    By making, using, selling, offering for sale, and/or importing into the United States the Shyft DualRide car seat, EVENFLO infringed and continues to infringe at least one claim of the '781 Patent literally, *and at an absolute minimum*, under the doctrine of equivalents.

**ANSWER:**

Evenflo denies the allegations of paragraph 87.

88.    On information and belief, EVENFLO has knowledge of the '781 Patent, at least because of Plaintiff's regular and consistent marking of its own products pursuant to 35 U.S.C. §287(a). Despite EVENFLO's knowledge of the '781 Patent and its infringing activities, EVENFLO has infringed and continues to infringe at least one claim of the '781 Patent by manufacturing, selling, and/or offering for sale the Shyft DualRide car seat. This intentional

infringement without regard for Plaintiffs' patent rights, constitutes egregious conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

**ANSWER:**

Evenflo denies the allegations of paragraph 88.

89.     The ongoing and continuous infringement by EVENFLO of the '781 Patent entitles Plaintiffs to an injunction permanently enjoining EVENFLO from further infringement of Plaintiffs' patent rights, pursuant to 35 U.S.C. § 283.

**ANSWER:**

Evenflo denies the allegations of paragraph 89.

90.     Plaintiffs have suffered, and continue to suffer, damages from EVENFLO's infringement of the '781 Patent, and Plaintiffs are entitled to compensation and other monetary relief to the extent allowed by law, pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**

Evenflo denies the allegations of paragraph 90.

<u>**COUNT TWO**</u>
**INFRINGEMENT OF THE '389 PATENT**

91.     Plaintiffs reallege and reassert, as if fully set forth herein, paragraphs One (1) through Sixty-Four (64) of the instant Complaint.

**ANSWER:**

Evenflo incorporates its responses to paragraphs one (1) through sixty-four (64) of the Complaint as if fully set forth herein.

92.     EVENFLO has made, used, sold, offered for sale, and/or imported child car seats into the United States, including the Shyft DualRide, that practices at least one claim of the '389 Patent. Such unlawful conduct continues as of the filing of this Complaint.

**ANSWER:**

Evenflo admits that it has made, used, sold, offered for sale, and/or imported child car seats into the United States, including the Shyft DualRide. Evenflo denies all remaining allegations in paragraph 92.

93.    Specifically, the EVENFLO Shyft DualRide car seat meets all limitations of at least Claim 1 of the '389 Patent.

**ANSWER:**

Evenflo denies the allegations of paragraph 93.

94.    As more particularly set forth above, Claim 1 of the '389 Patent requires a "car seat" that "is convertible into a rollable baby seat," comprising "a lower, support portion including a seat lowermost area with a seat lowermost surface configured to contact a vehicle surface to which the seat is to be mounted and defining a horizontal base plane[.]"

**ANSWER:**

Evenflo admits that Claim 1 of the '389 Patent is directed to its contents, but Evenflo denies the allegations in paragraph 94 of the Complaint to the extent they allege something further.

95.    Likewise, the infringing EVENFLO Shyft DualRide contains a lower support portion that is designed to mount to a vehicle surface, i.e., directly to the passenger seat or via a support permanently mounted to the passenger seat and constituting a part thereof, with the wheels folded against the lowermost portion of the car seat.

**ANSWER:**

Evenflo denies the allegations of paragraph 95.

96.    As required under the '389 Patent, the infringing unit requires the wheels to be folded against the lowermost portion of the car seat, specifically designed to be mounted to a

vehicle surface, i.e., directly to the passenger seat or via a support permanently mounted to the passenger seat and constituting a part thereof.

**ANSWER:**

Evenflo denies the allegations of paragraph 96.

97.    A representative image of the infringing EVENFLO Shyft DualRide is depicted below, and is available on the EVENFLO website at https://www.evenflo.com/collections/car-seat-stroller-combos:



**ANSWER:**

Evenflo admits that images of its products are available on their website. Evenflo denies all other allegations in paragraph 97.

98.    Claim 1 of the '389 Patent further requires "a right and left leg attachment area each at corresponding right or left side of the seat lowermost area, the right and left leg attachment areas extending along a common substantially horizontal axis disposed above the seat lowermost surface[.]" Indeed, the infringing EVENFLO Shyft DualRide contains the required two areas on both sides of the car seat by which leg attachments are attached and unquestionably extend along a common substantially horizontal axis.



**ANSWER:**

Evenflo denies the allegations of paragraph 98.

99.     Claim 1 of the '389 Patent further requires "an upper, seating portion having a front, head area and a rear, feet area, the head areas being spaced from the reference horizontal base plane to a distance greater than the feet area[,]" all elements which are found in the infringing unit.



**ANSWER:**

Evenflo denies the allegations of paragraph 99.

100.     Claim 1 of the '389 Patent further requires "a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to

the seat lowermost area at the corresponding right or left legs attachment area so that each leg is rotatable about the common substantially horizontal axis between a storage position to be taken in a safety car seat mode of the seat, in which the distal ends of the legs are disposed above the reference horizontal base plane, and . . ." The infringing EVENFLO Shyft DualRide has all necessary elements, as depicted below.



**ANSWER:**

Evenflo denies the allegations of paragraph 100.

101.    Claim 1 of the '389 Patent further requires "a right and left locking mechanism each disposed in the corresponding legs attachment area and configured to perform at least one of the following functions on the pair of the legs associated therewith: (a) to lock at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, from the storage position into the operational position; (b) to lock at least one of the legs, when in

the operational position, to the lower portion of the seat; or (c) to lock the legs to each other." These elements are, indeed, met by the infringing EVENFLO Shyft DualRide unit as depicted below:[3]



[3] First Image obtained from https://csftl.org/evenflo-shyft-dualride-rear-facing-only-car-seat-review/; Second and Third Image obtained from https://www.evenflo.com/products/shyft-dualride-car-seat-stroller-combo-carryall-storage.

**ANSWER:**

Evenflo denies the allegations of paragraph 101.

102.    By making, using, selling, offering for sale, and/or importing into the United States the infringing Shyft DualRide car seat, EVENFLO infringed and continues to infringe at least one claim of the '389 Patent literally, *and at an absolute minimum*, under the doctrine of equivalents.

**ANSWER:**

Evenflo denies the allegations of paragraph 102.

103.    On information and belief, EVENFLO has knowledge of the '389 Patent, at least because of Plaintiff's regular and consistent marking of its own products pursuant to 35 U.S.C. §287(a). Despite EVENFLO's knowledge of the '389 Patent and its infringing activities, EVENFLO has infringed and continues to infringe at least one claim of the '389 Patent by manufacturing, selling, and/or offering for sale the Shyft DualRide car seat. This intentional infringement without regard for Plaintiffs' patent rights, constitutes egregious conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

**ANSWER:**

Evenflo denies the allegations of paragraph 103.

104.    The ongoing and continuous infringement by EVENFLO of the '389 Patent entitles Plaintiffs to an injunction permanently enjoining EVENFLO from further infringement of Plaintiffs' patent rights, pursuant to 35 U.S.C. § 283.

**ANSWER:**

Evenflo denies the allegations of paragraph 104.

105.    Plaintiffs have suffered, and continue to suffer, damages from EVENFLO's infringement of the '389 Patent, and Plaintiffs are entitled to compensation and other monetary relief to the extent allowed by law, pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**

Evenflo denies the allegations of paragraph 105.

## COUNT THREE
## INFRINGEMENT OF THE '390 PATENT

106.    Plaintiffs reallege and reassert, as if fully set forth herein, paragraphs One (1) through Sixty-Four (64) of the instant Complaint.

**ANSWER:**

Evenflo incorporates its responses to paragraphs one (1) through sixty-four (64) of the Complaint as if fully set forth herein.

107.    EVENFLO has made, used, sold, offered for sale, and/or imported child car seats into the United States, including the Shyft DualRide, that practices at least one claim of the '390 Patent. Such unlawful conduct continues as of the filing of this Complaint.

**ANSWER:**

Evenflo admits that it has made, used, sold, offered for sale, and/or imported child car seats into the United States, including the Shyft DualRide. Evenflo denies all remaining allegations in paragraph 107.

108.    Specifically, the EVENFLO Shyft DualRide car seat meets all limitations of at least Claim 1 of the '390 Patent.

**ANSWER:**

Evenflo denies the allegations of paragraph 108.

109.    As more particularly set forth above, Claim 1 of the '390 Patent recites a "car seat" that "is convertible into a rollable baby seat," comprising "a lower, support portion including a seat lowermost area with a seat lowermost surface configured to contact an external surface to which the seat is to be mounted, and defining a reference horizontal base plane and . . ."

**ANSWER:**

Evenflo admits that Claim 1 of the '390 Patent is directed to its contents. Evenflo denies the remaining allegations in paragraph 109 of the Complaint to the extent they allege something further.

110.    As required by the of the '390 Patent, the infringing EVENFLO Shyft DualRide contains a lower support portion that is configured to be mounted to an external surface, i.e., the external surface of a seat within a car.

**ANSWER:**

Evenflo denies the allegations of paragraph 110.

111.    Likewise, upon placing the infringing unit upon this external surface, a clearly defined horizontal base plane is created.

**ANSWER:**

Evenflo denies the allegations of paragraph 111.

112.    A representative image of the infringing EVENFLO Shyft DualRide is depicted below, and is available on the EVENFLO website at https://www.evenflo.com/collections/car-seat-stroller-combos:



**ANSWER:**

Evenflo admits that images of its products are available on their website. Evenflo denies all remaining allegations of paragraph 112.

113.    Claim 1 of the '390 Patent further requires "two leg attachment areas at two sides of the lowermost area and above the seat lowermost surface[.]" To this end, the infringing EVENFLO Shyft DualRide contains the two areas on both sides of the car seat by which the leg attachments are attached:



**ANSWER:**

Evenflo denies the allegations of paragraph 113.

114.    Claim 1 of the '390 Patent further requires "an upper, seating portion having a front, head area and a rear, feet area, the head area being spaced from the reference horizontal base plane to a distance greater than the feet area," all elements which are found in the infringing EVENFLO Shyft DualRide unit:



**ANSWER:**

Evenflo denies the allegations of paragraph 114.

115.    Claim 1 of the '390 Patent further requires "a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lowermost area at the corresponding leg attachment area . . ." Such elements are necessarily found in the EVENFLO Shyft DualRide infringing unit, as depicted below:



**ANSWER:**

Evenflo denies the allegations of paragraph 115.

116.    Claim 1 of the '390 Patent further requires "each leg being rotatable from a storage position to be taken in a safety car seat mode of the seat, in which the distal end of the leg is disposed above the reference horizontal base plane, via an intermediate position into an operational position to be taken in a rollable mode of the seat, in which the distal end of the leg is below the plane[.]" As advertised by EVENFLO as the Shyft DualRide's prominent selling-point, these elements are all found in the infringing unit.[4]

---

[4] Image obtained from https://www.evenflo.com/products/shyft-dualride-car-seat-stroller-combo-carryall-storage.



**ANSWER:**

Evenflo denies the allegations of paragraph 116.

117.    Claim 1 of the '390 Patent further requires "in each of the right and left pairs of front and rear legs, each of the front and rear legs is configured to rotate in the same direction as the other leg of the same pair when moving into the storage position and when moving into the operational position, and at least one of the legs in each of the right and left pairs being configured for moving at least along a part of its way between the storage and the operational positions under the influence of gravity. . ." These elements are all contained in the infringing unit, as demonstrated and advertised by EVENFLO on its website at https://www.evenflo.com/products/shyft-dualride-car-seat-stroller-combo-carryall-storage:



**ANSWER:**

Evenflo denies the allegations of paragraph 117.

118.    Claim 1 of the '390 Patent further requires "a locking mechanism configured for locking a first leg of each pair of legs to a second leg of the same pair of legs in at least one of the storage position, intermediate position, or the operational position of the first leg, and unlocking the first and second legs from each other in at least one other position of the first leg." The infringing EVENFLO Shyft DualRide contains these required elements, as is advertised by EVENFLO:







**ANSWER:**

     Evenflo denies the allegations of paragraph 118.

119.    By making, using, selling, offering for sale, and/or importing into the United States the Shyft DualRide car seat, EVENFLO infringed, and continues to infringe, at least one claim of the '390 Patent literally, *and at an absolute minimum*, under the doctrine of equivalents.

**ANSWER:**

Evenflo denies the allegations of paragraph 119.

120.    On information and belief, EVENFLO has knowledge of the '390 Patent, at least because of Plaintiff's regular and consistent marking of its own products pursuant to 35 U.S.C. §287(a). Despite EVENFLO's knowledge of the '390 Patent and its infringing activities, EVENFLO has infringed, and continues to infringe, at least one claim of the '390 Patent by manufacturing, selling, and/or offering for sale the Shyft DualRide car seat. This intentional infringement without regard for Plaintiffs' patent rights, constitutes egregious conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

**ANSWER:**

Evenflo denies the allegations of paragraph 120.

121.    The ongoing and continuous infringement by EVENFLO of the '390 Patent entitles Plaintiffs to an injunction permanently enjoining EVENFLO from further infringement of Plaintiffs' patent rights, pursuant to 35 U.S.C. § 283.

**ANSWER:**

Evenflo denies the allegations of paragraph 121.

122.    Plaintiffs have suffered, and continue to suffer, damages from EVENFLO's infringement of the '390 Patent, and Plaintiffs are entitled to compensation and other monetary relief to the extent allowed by law, pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**

Evenflo denies the allegations of paragraph 122.

## AFFIRMATIVE AND OTHER DEFENSES

Without prejudice to the denials set forth in this Answer, Evenflo responds to this Complaint with the defenses set forth below. Evenflo expressly reserves the right to supplement this Answer, including the right to assert additional defenses, as more information is learned through discovery and further factual investigation in this case. Evenflo does not intend to hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden of proof.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

123.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Patent Invalidity)

124.    U.S. Patent No. 8,434,781 is invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103, 112, and/or 116.

125.    U.S. Patent No. 8,469,389 is invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103, 112, and/or 116.

126.    U.S. Patent No. 8,469,390 is invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103, 112, and/or 116.

## THIRD AFFIRMATIVE DEFENSE
### (Patent Noninfringement)

127.    Evenflo does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 8,434,781 either literally, or under the doctrine of equivalents.

128.    Evenflo does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 8,469,389 either literally, or under the doctrine of equivalents.

129.    Evenflo does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 8,469,390 either literally, or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
### (Notice, Damages, and Costs)

130.    Plaintiff's claims for damages, if any, against Evenflo are statutorily limited by 35 U.S.C. §§ 286, 287, and 288.

## PRAYER FOR RELIEF

For these reasons, Evenflo prays for the following relief:

(a)    a declaration that Evenflo has not infringed any valid claim of the Asserted Patents under any theory of infringement;

(b)    a declaration that the Asserted Patents are invalid, e.g., for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256;

(c)    a declaration that the Asserted Patents are unenforceable;

(d)    a declaration that this case is exceptional and an award to Evenflo of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

(e)      such other and further relief as this Court may deem as just and proper.

## JURY TRIAL DEMAND

Evenflo requests a trial by jury on all issues so triable.

## EVENFLO'S COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

Evenflo Company, Inc., by and through its attorneys, brings these Counterclaims against Traveler Innovations LTD and Doona Holdings LTD for declaratory judgment of invalidity of the Asserted Patents: U.S. Patent No. 8,434,781; U.S. Patent No. 8,469,389; and U.S. Patent No. 8,469,390.

Evenflo alleges as follows:

## PARTIES

1.      Evenflo is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 225 Byers Road, Miamisburg OH, 45342.

2.      On information and belief, Traveler Innovations LTD is a foreign corporation organized and existing under the laws of Hong Kong, having its principal place of business located in Hong Kong.

3.      On information and belief, Doona Holdings LTD is a foreign corporation organized and existing under the laws of Hong Kong, having its principal place of business located in Hong Kong.

## JURISDICTION AND VENUE

4.      These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code.

5.      This Court has jurisdiction under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

6.      If venue is proper over the action filed by Traveler Innovations LTD and Doona Holdings LTD, then venue over these counterclaims is also proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

7.      This Court has personal jurisdiction over Traveler Innovations LTD and Doona Holdings LTD because Traveler Innovations LTD and Doona Holdings LTD have voluntarily appeared and consented to jurisdiction in this venue by filing its Complaint.

**COUNT ONE**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '781 PATENT**

8.      Evenflo repeats and realleges each and every allegation in Paragraphs 1-7 of Evenflo's Counterclaims and Demand for Jury Trial, as if fully set forth herein.

9.      An actual case or controversy exists between Evenflo and Traveler Innovations LTD/Doona Holdings LTD as to whether the claims of the '781 Patent are valid.

10.     The claims of the '781 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § Sections 100 *et seq*., including §§ 102, 103, and/or 112.

11.     A judicial declaration is necessary and appropriate so that Evenflo may ascertain their rights as to whether the claims of the '781 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Title 35 of the United States Code, Evenflo requests a declaration by the Court that the claims of the '781 Patent are invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. § Sections 100 *et seq*., including §§ 102, 103, and/or 112.

**COUNT TWO**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '389 PATENT**

12.     Evenflo repeats and realleges each and every allegation in Paragraphs 1-11 of Evenflo's Counterclaims and Demand for Jury Trial, as if fully set forth herein.

13.     An actual case or controversy exists between Evenflo and Traveler Innovations LTD/Doona Holdings LTD as to whether the claims of the '389 Patent are valid.

14.     The claims of the '389 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § Sections 100 *et seq*., including §§ 102, 103, and/or 112.

15.     A judicial declaration is necessary and appropriate so that Evenflo may ascertain their rights as to whether the claims of the '389 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Title 35 of the United States Code, Evenflo requests a declaration by the Court that the claims of the '389 Patent are invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. § Sections 100 *et seq*., including §§ 102, 103, and/or 112.

**COUNT THREE**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '390 PATENT**

16.     Evenflo repeats and realleges each and every allegation in Paragraphs 1-15 of Evenflo's Counterclaims and Demand for Jury Trial, as if fully set forth herein.

17.     An actual case or controversy exists between Evenflo and Traveler Innovations LTD/Doona Holdings LTD as to whether the claims of the '390 Patent are valid.

18.     The claims of the '390 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § Sections 100 *et seq*., including §§ 102, 103, and/or 112.

19.    A judicial declaration is necessary and appropriate so that Evenflo may ascertain their rights as to whether the claims of the '390 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Title 35 of the United States Code, Evenflo requests a declaration by the Court that the claims of the '390 Patent are invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. § Sections 100 *et seq.*, including §§ 102, 103, and/or 112.

## DEMAND FOR JURY TRIAL

Evenflo requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

For these reasons, Evenflo prays for the following relief:

(a)    a judgment in favor of Evenflo denying Traveler Innovations LTD and Doona Holdings LTD all relief requested in its Complaint in this action and dismissing the Complaint with prejudice;

(b)    a declaration that the Asserted Patents are invalid for failure to comply with one or more provisions of 35 U.S.C. §§102, 103, 112, 116, and/or 256;

(c)    a declaration that the Asserted Patents are unenforceable;

(d)    a declaration that this case is exceptional and an award to Evenflo of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

(e)    such other and further relief as this Court may deem as just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Lucinda C. Cucuzzella*

_____
Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
ccucuzzella@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Frank A. Angileri
Tom W. Cunningham
John P. Rondini
Francesca M. Cusumano
Abdulai I. Rashid
Yasmeen Moradshahi
BROOKS KUSHMAN P.C.
150 West Second Street, Suite 400N
Royal Oak, MI  48067-3846
(248) 358-4400

December 20, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 20, 2024, upon the following in the manner indicated:

Francis DiGiovanni, Esquire                                    *VIA ELECTRONIC MAIL*
Thatcher A. Rahmeier, Esquire
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Ste. 1410
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Alexander D. Brown, Esquire                                   *VIA ELECTRONIC MAIL*
Scott D. Smiley, Esquire
Zac Davis, Esquire
THE CONCEPT LAW GROUP, P.A.
6400 North Andrews Avenue, Suite 500
Fort Lauderdale, FL  33309
*Attorneys for Plaintiffs*

*/s/ Lucinda C. Cucuzzella*
_____
Lucinda C. Cucuzzella (#3491)