## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRAVELER INNOVATIONS LTD, a foreign company; and DOONA HOLDINGS LTD, a foreign company,<br><br>    Plaintiffs,<br><br>v.<br><br>EVENFLO COMPANY, INC., a Delaware Corporation,<br><br>    Defendant. | C.A. No. 24-1204-RGA<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiffs, TRAVELER INNOVATIONS LIMITED ("TIL") and DOONA HOLDINGS LIMITED ("DOONA," and together with TIL, collectively "Plaintiffs"), hereby file this Answer to the Counterclaims filed by Defendant EVENFLO COMPANY, INC. ("EVENFLO"), and, in so doing, state as follows:

### PARTIES

1.      Evenflo is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 225 Byers Road, Miamisburg OH, 45342.

**ANSWER:** Admitted.

2.      On information and belief, Traveler Innovations LTD is a foreign corporation organized and existing under the laws of Hong Kong, having its principal place of business located in Hong Kong.

**ANSWER:** Admitted.

3.      On information and belief, Doona Holdings LTD is a foreign corporation organized and existing under the laws of Hong Kong, having its principal place of business located in Hong Kong.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

4.      These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code.

**ANSWER:** Admitted for jurisdictional purposes only.

5.      This Court has jurisdiction under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

**ANSWER:** Admitted for jurisdictional purposes only.

6.      If venue is proper over the action filed by Traveler Innovations LTD and Doona Holdings LTD, then venue over these counterclaims is also proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** Admitted for jurisdictional purposes only.

7.      This Court has personal jurisdiction over Traveler Innovations LTD and Doona Holdings LTD because Traveler Innovations LTD and Doona Holdings LTD have voluntarily appeared and consented to jurisdiction in this venue by filing its Complaint.

**ANSWER:** Admitted for jurisdictional purposes only.

## COUNT ONE
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '781 PATENT

8.      Evenflo repeats and realleges each and every allegation in Paragraphs 1-7 of Evenflo's Counterclaims and Demand for Jury Trial, as if fully set forth

herein.

**ANSWER:** Plaintiffs incorporate by reference its responses to Paragraphs 1 to 7 of the Counterclaims, as if fully set forth herein.

9.    An actual case or controversy exists between Evenflo and Traveler Innovations LTD/Doona Holdings LTD as to whether the claims of the '781 Patent are valid.

**ANSWER:** Whether there is "[a]n actual case or controversy" is a question of law to which no response is required. To the extent a response is required, Plaintiffs admit the Court has subject matter jurisdiction to decide whether claims of the '781 Patent are valid.

10.    The claims of the '781 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § Sections 100 et seq., including §§ 102, 103, and/or 112.

**ANSWER:** Denied, with strict proof demanded thereof.

11.    A judicial declaration is necessary and appropriate so that Evenflo may ascertain their rights as to whether the claims of the '781 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Title 35 of the United States Code, Evenflo requests a declaration by the Court that the claims of the '781 Patent are invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. § Sections 100 et seq., including §§ 102, 103, and/or 112.

**ANSWER:** The allegation in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the Court has subject matter jurisdiction to decide whether claims of the '781 Patent are valid.

## COUNT TWO
## <u>DECLARATORY JUDGMENT OF INVALIDITY OF THE '389 PATENT</u>

12.    Evenflo repeats and realleges each and every allegation in Paragraphs 1-11 of Evenflo's Counterclaims and Demand for Jury Trial, as if fully set forth herein.

**<u>ANSWER</u>:** Plaintiffs incorporate by reference its responses to Paragraphs 1 to 11 of the Counterclaims, as if fully set forth herein.

13.    An actual case or controversy exists between Evenflo and Traveler Innovations LTD/Doona Holdings LTD as to whether the claims of the '389 Patent are valid.

**<u>ANSWER</u>:** Whether there is "[a]n actual case or controversy" is a question of law to which no response is required. To the extent a response is required, Plaintiffs admit the Court has subject matter jurisdiction to decide whether claims of the '389 Patent are valid.

14.    The claims of the '389 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § Sections 100 et seq., including §§ 102, 103, and/or 112.

**<u>ANSWER</u>:** Denied, with strict proof demanded thereof.

15.    A judicial declaration is necessary and appropriate so that Evenflo may ascertain their rights as to whether the claims of the '389 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Title 35 of the United States Code, Evenflo requests a declaration by the Court that the claims of the '389 Patent are invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. § Sections 100 et seq., including §§ 102, 103, and/or 112.

**<u>ANSWER</u>:** The allegation in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the Court has subject matter jurisdiction to decide whether claims of the '389 Patent are valid.

## COUNT THREE
## <u>DECLARATORY JUDGMENT OF INVALIDITY OF THE '390 PATENT</u>

16.     Evenflo repeats and realleges each and every allegation in Paragraphs 1-15 of Evenflo's Counterclaims and Demand for Jury Trial, as if fully set forth herein.

**<u>ANSWER</u>:** Plaintiffs incorporate by reference its responses to Paragraphs 1 to 15 of the Counterclaims, as if fully set forth herein.

17.     An actual case or controversy exists between Evenflo and Traveler Innovations LTD/Doona Holdings LTD as to whether the claims of the '390 Patent are valid.

**<u>ANSWER</u>:** Whether there is "[a]n actual case or controversy" is a question of law to which no response is required. To the extent a response is required, Plaintiffs admit the Court has subject matter jurisdiction to decide whether claims of the '390 Patent are valid.

18.     The claims of the '390 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § Sections 100 et seq., including §§ 102, 103, and/or 112.Plaintiffs incorporate by reference its responses to Paragraphs 1 to 15 of the Counterclaims, as if fully set forth herein

**<u>ANSWER</u>:** Denied, with strict proof demanded thereof.

19.     A judicial declaration is necessary and appropriate so that Evenflo may ascertain their rights as to whether the claims of the '390 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Title 35 of the United States Code, Evenflo requests a declaration by the Court that the claims of the '390 Patent are invalid for failure to satisfy the conditions for patentability specified in 35 U.S.C. § Sections 100 et seq., including §§ 102, 103, and/or 112.

**<u>ANSWER</u>:** The allegation in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the Court

has subject matter jurisdiction to decide whether claims of the '390 Patent are valid.

## GENERAL DENIAL

Plaintiffs hereby deny any unnumbered paragraphs or prayers for relief, and anything not specifically admitted herein is denied, with strict proof is demanded thereof. Plaintiffs further note that the use of topic and section headings in this Answer was solely for the purpose of ease of reference to EVENFLO's use of topic and section headings in its Counterclaim; to the extent that EVENFLO intended said topics and/or headings to have any substantive value, Plaintiffs deny each and every one of the same, and demand strict proof thereof.

## RESPONSE TO EVENFLO PRAYER FOR RELIEF

No response is required to EVENFLO's prayer. To the extent a response is required, Plaintiffs deny that EVENFLO is entitled to any relief.

## AFFIRMATIVE DEFENSES TO EVENFLO COUNTERCLAIMS

Plaintiffs allege and assert the following defenses in response to the allegations of EVENFLO's Counterclaim, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Plaintiffs specifically reserve all rights to allege additional affirmative

defenses that become known through the course of discovery.

## **FIRST AFFIRMATIVE DEFENSE TO COUNTERCLAIMS**

EVENFLO's Counterclaims fail to state a claim upon which relief can be granted. Specifically, EVENFLO's Counterclaims fail to provide the grounds of purported entitlement to relief; a formulaic recitation of statutory bases of invalidity without any factual bases is insufficient to state a claim for relief.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues so triable as a matter of law pursuant to FED. R. CIV. P. 38(b).

OF COUNSEL:

ALEXANDER D. BROWN, ESQ.
FLA. BAR NO. 752665
abrown@conceptlaw.com
*Admitted Pro Hac Vice*

SCOTT D. SMILEY, ESQ.
FLA. BAR NO. 678341
scott@conceptlaw.com
*Admitted Pro Hac Vice*

ZAC DAVIS, ESQ.
FLA. BAR NO. 1039020
zdavis@conceptlaw.com
*Admitted Pro Hac Vice*

THE CONCEPT LAW GROUP, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Florida 33309
(754) 300-1500

Dated:  December 31, 2024

 */s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

*Attorneys for Plaintiffs*