IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRAVELER INNOVATIONS LTD. and DOONA HOLDINGS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> EVENFLO COMPANY, INC., <br><br> Defendant. | CIVIL ACTION NO. 24-1204-RGA |

# SCHEDULING ORDER

This <u>15th</u> day of January, 2025, the Court having waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **fourteen (14) days** of the date of this Order.

2. <u>Joiner of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **May 30, 2025**; after this date Fed. R. Civ. P. 16 applies.

3. <u>Discovery.</u>

    a. <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **March 17, 2026**.

1

    b.  <u>Document Production.</u> Document production shall be substantially complete by **September 26, 2025**.

    c.  <u>Requests for Admission.</u> A maximum of fifty (50) requests for admission are permitted for each side. This limit does not apply to requests for admission concerning authentication of documents.

    d.  <u>Interrogatories.</u> A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

    e.  <u>Depositions.</u>

      i.  <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 80 hours of taking testimony by deposition upon oral examination, not including expert depositions. Absent a showing of good cause, all depositions are subject to a presumptive seven (7) hour limit unless otherwise agreed to by the parties or ordered by the Court. For deponents requiring the assistance of an English translator during a deposition, only one-half (0.5) the length of the examination shall count towards the time limit; for example, a deposition requiring an English translator having six hours of examination shall only count as a three-hour deposition under the time limit.

  Each expert witness deposition shall be limited to seven (7) hours of testimony per report that the expert submits, absent a showing of good cause. For example, if an expert provides reports on invalidity and on infringement, that expert's deposition would be limited to seven (7) hours for each report for a maximum of fourteen (14) deposition hours, absent good cause. A reply report by an expert does not count as a separate report for these purposes.

      ii.  <u>Location of Depositions.</u> The parties will present Rule 30(b)(6) witness(es) for deposition(s) at an agreed upon location within the United States. Each party further

agrees to make available any witness it intends to call at trial for deposition(s) at an agreed upon location within the United States or, alternatively, via remote deposition means. To the extent a Party decides to call at trial a party witness who, upon timely request during the discovery phase, was not previously made available for deposition in the United States or via remote deposition means, the Party will produce that witness for deposition at an agreed upon location in the United States or via remote deposition means, but in no event shall any such deposition be taken thirty (30) days or sooner before trial..

        iii.      The parties agree to work cooperatively together to schedule depositions to occur in a mutually convenient location. Moreover, the parties may agree to take depositions remotely via video conferencing technology.

    f.    <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to [rga_civil@ded.uscourts.gov](mailto:rga_civil@ded.uscourts.gov).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

  g.  <u>Miscellaneous Discovery Matters.</u>

    i.  <u>Initial discovery in patent litigation</u>. On or before **February 7, 2025**, Plaintiffs shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent. Plaintiffs shall also set forth its contention as to priority date of each at-issue patent claim. On or before **March 7, 2025**, Defendant shall produce to Plaintiffs the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications. On or before **April 7, 2025**, Plaintiffs shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes. On or before **May 7, 2025**, Defendant shall produce to Plaintiffs its initial invalidity contentions for each asserted claim, as well as the related invalidating references, all of the foregoing in claim chart format.

    ii.  Plaintiffs have not filed any other actions in this or any other District involving the asserted patents, and does not intend to file any such action against any party unrelated to Defendant during the next year. That said, it appears that Defendant has expanded its allegedly infringing conduct to foreign locations, and Plaintiffs reserve the right to pursue such activity forthwith as more information is gathered concerning said conduct. Defendants are still evaluating the patents being asserted by Plaintiffs and are considering the possibility of filing one or more IPRs within the one-year period provided by 35 U.S. Code § 315.

    iii.  The parties have conferred regarding e-discovery and have agreed to continue conferring with the goal of agreeing upon an e-discovery protocol.

          iv.        <u>Limits on Claims and Prior Art Invalidity Arguments</u>. By **January 7, 2026**, the parties shall meet and confer to discuss the necessity for, and the parameters of, limits on the number of claims to be asserted and prior art used for anticipation and obviousness combinations. Should the parties agree on such limits, a stipulation and proposed order shall be filed by **January 14, 2026**. Should the parties disagree on any such limits, the parties shall file a joint letter (3 pages maximum) addressing the issue and proposing a resolution by **January 14, 2026**.

          v.        If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than the time of the initial disclosures to be made pursuant to Federal Rule of Civil Procedure 26(a)(1); however, if Plaintiff requires a Protective Order to make such disclosures, Plaintiff shall provide the referenced licenses and/or settlement agreements to Defendant no later than ten (10) days after the entry of a Protective Order in this case, as contemplated in Section 4 hereinbelow.

          vi.        The parties agree that each party will serve any privilege log for documents or communications withheld or redacted on the grounds of attorney-client privilege or work product immunity that includes the following information for each item or category of documents, where pertinent: production number(s); date; author; recipient(s); carbon copy recipient(s); description sufficient to identify the contents of the withheld or redacted document; and basis for withholding. The parties agree that a party need not identify on its privilege log information or documents withheld from production on grounds of the attorney-client privilege and/or work product immunity to the extent such information or documents were created on or after **October 29, 2024**.

4. <u>Application to Court for Protective Order.</u> The parties will confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty-one (21) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal.</u> When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Claim Construction Issue Identification.</u> On or before **June 10, 2025**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **July 1, 2025**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s) identified by the parties as needing construction.[1] This document will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **July 7, 2025**. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rgacivil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of

---

[1] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic and extrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

7.  <u>Claim Construction Briefing.</u>[2] Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **August 4, 2025**. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **August 25, 2025**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **September 12, 2025**. Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,500 words, on **September 26, 2025**. No later than **October 6, 2025**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

---

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

A. [TERM 1][3]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

B. [TERM 2]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

   8. <u>Hearing on Claim Construction.</u> Beginning **at 9:00 a.m. on November 6, 2025**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above scheduled claim construction

---

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

       9.       Disclosure of Expert Testimony.

            a.      Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **April 17, 2026**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **May 19, 2026**. Reply expert reports from the party with the initial burden of proof are due on or before **June 16, 2026**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

      Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **July 14, 2026**.

            b.      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

10. <u>Case Dispositive Motions</u>. All case dispositive motions shall be served and filed on or before **August 14, 2026**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief (**due August 14, 2026**), one forty-page answering brief (**due September 15, 2026**), and one twenty-page reply brief (**due September 30, 2026**) for all of its *Daubert* and case dispositive motions.

11. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion shall contain the statement required by Local Rule 7.1.1.

12. <u>Pretrial Conference.</u> On **January 22, 2027**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at **9:00 a.m**. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13. <u>Motions in *Limine*</u>. Motions in *limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion in *limine* shall be filed in one filing separate from the motion in *limine*. Each party shall be limited to three in *limine* requests, unless otherwise permitted by the Court. The in *limine* request and any response shall contain the authorities relied upon; each in *limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the in *limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is

supporting or opposing an in *limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on in *limine* requests, unless otherwise permitted by the Court.

       14.       <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

       15.       <u>Trial.</u> This matter is scheduled for a five (5) day[4] jury trial beginning at 9:30 a.m. on **February 8, 2027**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

       16.       <u>Discovery Referral.</u> This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports.

       17.       <u>Mediation (for use in non-ANDA patent cases).</u> The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be

---

[4] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

conducted in advance of the pretrial conference, and the parties shall select the mutually agreed-upon mediator and date of mediation no later than **May 30, 2025**. The Parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to include the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise. The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

SO ORDERED this 15 day of January, 2025.

/s/ Richard G. Andrews
United States District Judge