## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TRAVELER INNOVATIONS LTD. and
DOONA HOLDINGS LTD.,

    Plaintiffs,

    v.

EVENFLO COMPANY, INC.,

    Defendant.

C.A. No. 24-1204-RGA-CJB

## JOINT CLAIM CONSTRUCTION CHART

Plaintiffs Traveler Innovations Ltd. and Doona Holdings Ltd., together with Defendant Evenflo Company, Inc. (collectively, the "Parties"), hereby submit, pursuant to the Scheduling Order (D.I. 18), the below Joint Claim Construction Chart identifying the claim terms/phrases at issue for United States Patent Nos. 8,434,781 ('781 Patent), 8,469,389 ('389 Patent), and 8,469,390 ('390 Patent), as well as the Parties' proposed construction of the disputed claim language with citations to the intrinsic and extrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart further sets forth, for each at-issue term/phrase, "an explanation of why resolution of the dispute makes a difference." D.I. 18, ¶ 6.

In addition to the evidence specifically identified herein, the parties each reserve the right to rely upon additional intrinsic and/or extrinsic evidence to the extent it is necessary to rebut evidence relied upon or arguments made by the other party during the claim construction briefing. Defendant also reserves the right to rely on intrinsic evidence from the file histories of foreign patent applications which Defendant has requested, but Plaintiff has not yet fully produced. Each party further reserves its rights to rely on any intrinsic or extrinsic evidence identified by the other

party.  The citation of evidence in this submission does not constitute an admission by either party that the opposing party's cited evidence constitutes intrinsic evidence.

Copies of the patents and portions of the intrinsic evidence relied upon by the parties are submitted herewith as follows:

| Exhibit | Description | Submitted By |
|---------|-------------|--------------|
| A | United States Patent No. 8,434,781 ('781 Patent) | joint |
| B | United States Patent No. 8,469,389 ('389 Patent) | joint |
| C | United States Patent No. 8,469,390 ('390 Patent) | joint |
| D | PCT 2010/119446 (DOONA-008770-8810) | Defendant |
| E | Provisional Patent Application 61/212,773 (DOONA-011967-11996) | Defendant |
| F | 389 File History - 1/10/2013 Response to First Action Interview (Pre-Interview Communication) (DOONA-000187-199) | Defendant |
| G | 389 Patent File History - 1/16/2013 Summary of Examiner Interview (By Applicant) (DOONA-000195-197) | Defendant |
| H | 389 File History - Amendment under CFR 1.312 (DOONA-000215-222) | Defendant |
| I | 390 file history-Preliminary amendment 11/08/2012 (DOONA-000318-322) | Defendant |
| J | 390 File History - Amendment "A" under CFR 1.111 (DOONA-000371-375) | Defendant |
| K | U.S. Patent No. 6,910,696 | Plaintiffs |
| L | U.S. Patent No. 7,506,921 | Plaintiffs |
| M | U.S. Patent No. 7,543,886 | Plaintiffs |
| N | U.S. Patent App. Pub. No. 2002/0060444 | Plaintiffs |
| O | U.S. Patent App. Pub. No. 2008/0079293 | Plaintiffs |
| P | U.S. Patent No. 4,763,911 | Plaintiffs |
| Q | U.S. Patent No. 4,834,403 | Plaintiffs |
| R | U.S. Patent No. 4,874,182 | Plaintiffs |
| S | U.S. Patent No. 4,989,888 | Plaintiffs |
| T | U.S. Patent No. 5,398,951 | Plaintiffs |
| U | U.S. Patent No. 5,823,547 | Plaintiffs |
| V | U.S. Patent No. 6,237,995 | Plaintiffs |
| W | U.S. Patent No. 6,367,821 | Plaintiffs |
| X | U.S. Patent No. 4,832,354 | Plaintiffs |
| Y | U.S. Patent No. 7,871,099 | Plaintiffs |
| Z | U.S. Patent No. 6,446,990 | Plaintiffs |
| AA | U.S. Patent No. 4,786,064 | Plaintiffs |
| BB | U.S. Patent No. 6,655,702 | Plaintiffs |
| CC | U.S. Patent No. 6,729,630 | Plaintiffs |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| 1 | "lower, support portion"<br><br>"lower portion of the seat"<br><br>"seat lower portion" | 781-1<br>389-1<br>390-1 | **Plaintiffs' Definition**:<br>**"lower portion of the baby safety car seat that supports the upper seating portion"**<br><br>**Plaintiffs' Intrinsic Support for Definition**:<br>'781 Patent, Claim 1 ("**a lower, support portion** including a seat lowermost area configured to contact a vehicle surface to which the seat is to be mounted")<br><br>'389 Patent, Claim 1 ("**a lower, support portion** including a seat lowermost area with a seat lowermost surface configured to contact a vehicle surface to which the seat is to be mounted")<br><br>'390 Patent, Claim 1 ("**a lower, support portion** including a seat lowermost area with a seat lowermost surface configured to contact an external surface to which the seat is to be mounted")<br><br>5:29-33 ("With reference to FIGS. 3A to 5, the combination-seat 28 comprises a baby seat 30 (FIG. 4A and 4B) having a **lower support portion** 44 [sic] including a seat lowermost area 49 [sic] configured to contact a vehicle surface to which the seat is to be mounted (not shown) and **an upper seating portion** 51 with a front head area 45 and a rear feet area 47") | Construction of this term will address issues regarding the validity of the Asserted Patents.<br><br>**Construction:**<br><br>Indefinite under 35 U.S.C. §112, ¶2<br><br>**Intrinsic/Extrinsic Supporting Evidence:**<br><br>• 390 Patent: 5:29-41, 5:60-63, 7:1-65, 10:13-23; FIGS. 2B, 3A, 4A-4D, 5<br>• 781 Patent: 5:29-41, 5:60-63, 7:1-65, 10:13-23; FIGS. 2B, 3A, 4A-4D, 5<br>• 389 Patent: 5:29-41, 5:60-63, 7:1-65, 10:13-23; FIGS. 2B, 3A, 4A-4D, 5<br>• Provisional Patent Application 61/212,773: p.3, ln 8 - p.5, ln 23; p.9, ln 21 – p.10, ln 2; FIGS. 1-4,<br>• PCT2010/119446 – pp.1 - 5; pp.7 – 10; p.13; p.15; FIGS. 2B, 3A, 4A-4D, 5; Claim 1, 6-7, 12, 16, 20-21, 25, 29, 33, 40, 43, 49<br>• EP 2 505 454 Patent Specification (DOONA-011629-011653)<br>• October 3, 2013 letter to examiner Vachey in EP application 12171594 (DOONA-011696-011704) |

|  | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
|  |  |  | 7:1-4 ("Baby seat 30 typically has an upper, seating section 53 and a **lower, base section 42** fixedly coupled to the upper seating section 53, the lower section having lower edges 44 which are advantageously formed as a curve.")<br><br>Figures 1–5<br><br>**Plaintiffs' Extrinsic Support for Definition**:<br>Declaration of Plaintiffs' expert witness pertaining to this term<br><br>**Plaintiffs' Statement as to Why Resolution Makes a Difference**:<br>A finding of indefiniteness would render the claims invalid | • EP 2 517 945 Patent specification (DOONA-011742-011765)<br>• February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488)<br>• September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543)<br>• January 9, 2015 letter to examiner Vachey in EP application 12171606 (DOONA-012544-012556)<br>• October 20, 2015 letter to examiner in EP application 12171606 (DOONA-12557-012561)<br>• October 3,2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591)<br>• July 26, 2013 written opinion in Japanese Patent Application 2012/505297 (DOONA-012262-012269)<br>• Potential testimony from technical expert |
| 2 | "upper, seating portion"<br><br>"upper portion of the seat" | 781-1<br>389-1<br>390-1 | **Plaintiffs' Definition**:<br>"**the upper portion of the baby safety car seat, wherein a baby can be seated**"<br><br>**Plaintiffs' Intrinsic Support for Definition**: | Construction of this term will address issues regarding the validity of the Asserted Patents.<br><br><br>**Construction:** |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | Claim 1 ("an **upper, seating portion** having a front, head area and a rear, feet area")<br><br>5:29-33 ("With reference to FIGS. 3A to 5, the combination-seat 28 comprises a baby seat 30 (FIG. 4A and 4B) having . . . an **upper seating portion** 51 with a front head area 45 and a rear feet area 47")<br><br>5:15-16 ("These modes of operation are a storage mode 40 shown in FIG. 1A")<br><br>6:61-63 ("Thus, in configuration 40, the combination-seat may be used in a similar manner as prior art baby seats, e.g. a baby may be placed in the combination-seat")<br><br>Figures 1–4D.<br><br>**Plaintiffs' Extrinsic Support for Definition**:<br>Declaration of Plaintiffs' expert witness pertaining to this term.<br><br>**Plaintiffs' Statement as to Why Resolution Makes a Difference**:<br>A finding of indefiniteness would render the claims invalid | Indefinite under 35 U.S.C. §112, ¶2<br><br>**Intrinsic/Extrinsic Supporting Evidence:**<br>• 390 Patent: 5:29-41, 5:60-63, 7:1-65, 10:13-23; FIGS. 2B, 3A, 4A-4D, 5<br>• 781 Patent: 5:29-41, 5:60-63, 7:1-65, 10:13-23; FIGS. 2B, 3A, 4A-4D, 5<br>• 389 Patent: 5:29-41, 5:60-63, 7:1-65, 10:13-23; FIGS. 2B, 3A, 4A-4D, 5<br>• Provisional Patent Application 61/212,773: p.3, ln 8 - p.5, ln 23; p.9, ln 21 – p.10, ln 2; FIGS. 1-4<br>• PCT2010/119446 – pp.1 - 5; pp.7 – 10; p.13; p.15; FIGS. 2B, 3A, 4A-4D, 5; Claim 1, 6-7, 12, 16, 20-21, 25, 29, 33, 40, 43, 49<br>• EP 2 505 454 Patent Specification (DOONA-011629-011653)<br>• October 3, 2013 letter to examiner Vachey in EP application 12171594 (DOONA-011696-011704)<br>• EP 2 517 945 Patent specification (DOONA-011742-011765)<br>• February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488)<br>• September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543) |

|  | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
|  |  |  |  | • January 9, 2015 letter to examiner Vachey in EP application 12171606 (DOONA-012544-012556)<br>• October 20, 2015 letter to examiner in EP application 12171606 (DOONA-12557-012561)<br>• October 3,2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591)<br>• July 26, 2013 written opinion in Japanese Patent Application 2012/505297 (DOONA-012262-012269)<br>• Potential testimony from technical expert |
| 3 | "seat lowermost area […] configured to contact [a vehicle / an external] surface"<br><br>"seat lowermost area"<br><br>"lowermost area" | 781-1<br>389-1<br>390-1 | **Plaintiffs' Definition**:<br>"**a lower area of the lower support portion of the seat that is able to contact [a vehicle surface / an external surface] upon which the baby safety car seat sits**"<br><br>**Plaintiffs' Intrinsic Support for Definition**:<br>'781 Patent, Claim 1 ("a lower, support portion including a **seat lowermost area configured to contact a vehicle surface** to which the seat is to be mounted")<br><br>'389 Patent, Claim 1 ("a lower, support portion including a **seat lowermost area with a seat lowermost surface configured** | Construction of this term will address issues regarding the validity of the Asserted Patents.<br><br>**Construction:**<br>Indefinite under 35 U.S.C. §112, ¶2<br><br>**Intrinsic/Extrinsic Supporting Evidence:**<br>• 390 Patent: 5:29-41, 5:60-63, 7:1-65, 10:13-23; FIGS. 2B, 3A, 4A-4D, 5<br>• 781 Patent: 5:29-41, 5:60-63, 7:1-65, 10:13-23; FIGS. 2B, 3A, 4A-4D, 5<br>• 389 Patent: 5:29-41, 5:60-63, 7:1-65, 10:13-23; FIGS. 2B, 3A, 4A-4D, 5 |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | **to contact a vehicle surface** to which the seat is to be mounted")<br><br>'390 Patent, Claim 1 ("a lower, support portion including a **seat lowermost area with a seat lowermost surface configured to contact an external surface** to which the seat is to be mounted")<br><br>'781 Patent, 5:29-33 ("the combination-seat 28 comprises a baby seat 30 (FIG. 4A and 4B) having a lower support portion 44 including a **seat lowermost area 49 configured to contact a vehicle surface** to which the seat is to be mounted")<br><br>'389 and '390 Patents, 5:29-33 ("the combination-seat 28 comprises a baby seat 30 (FIG. 4A and 4B) having **a lower support portion 44 including a seat lowermost area 49 with a seat lowermost surface 49' (FIG. 4A) configured to contact a vehicle surface** to which the seat is to be mounted")<br><br>Figures 1–5<br><br>**Plaintiffs' Extrinsic Support for Definition**:<br>Declaration of Plaintiffs' expert witness pertaining to this term | • Provisional Patent Application 61/212,773: p.3, ln 8 - p.5, ln 23; p.9, ln 21 – p.10, ln 2; FIGS. 1-4<br>• PCT2010/119446 – pp.1 - 5; pp.7 – 10; p.13; p.15; FIGS. 2B, 3A, 4A-4D, 5; Claim 1, 6-7, 12, 16, 20-21, 25, 29, 33, 40, 43, 49<br>• EP 2 505 454 Patent Specification (DOONA-011629-011653)<br>• October 3, 2013 letter to examiner Vachey in EP application 12171594 (DOONA-011696-011704)<br>• EP 2 517 945 Patent specification (DOONA-011742-011765)<br>• February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488)<br>• September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543)<br>• January 9, 2015 letter to examiner Vachey in EP application 12171606 (DOONA-012544-012556)<br><br>• October 20, 2015 letter to examiner in EP application 12171606 (DOONA-12557-012561)<br>• October 3,2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591) |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | **Plaintiffs' Statement as to Why Resolution Makes a Difference**: A finding of indefiniteness would render the claims invalid | • July 26, 2013 written opinion in Japanese Patent Application 2012/505297 (DOONA-012262-012269) <br> • Potential testimony from technical expert |
| 4 | "configured to contact [a vehicle surface / an external surface]" | 781-1 389-1 390-1 | Plaintiffs submit it would be redundant to construe this term separately from the claim term/phrase "seat lowermost area […] configured to contact [a vehicle / an external] surface" (see above). Defendant's June 10, 2025, list of claim terms(s)/phrase(s) they believed needed construction included only "seat lowermost area […] configured to contact [a vehicle / an external] surface" and not "configured to contact [a vehicle / an external] surface" separately. It also was not included as a separate term in Defendant's July 2, 2025, Notice of Defendant's Reduced Terms for Claim Construction or on Defendant's July 2, 2025, exchange of proposed claim construction of those terms(s)/phrase(s) they believed needed construction. <br><br> **Plaintiffs' Alternative Position**: This phrase should be construed as: "**able to contact [a vehicle surface / an external surface] upon which the baby safety car seat sits**" | Construction of this term will address issues pertaining to Plaintiff's allegations of infringement. <br><br> **Construction:** <br><br> "designed to contact [a vehicle seating surface/a surface external to a vehicle]" <br><br> **Intrinsic/Extrinsic Supporting Evidence:** <br><br> • 390 Patent: 1:34-55, 2 34-53,3:8-67, 5:29-41, 7:1-32 <br> • 781 Patent: 1:34-55, 2 34-53,3:8-67, 5:29-41, 7:1-32 <br> • 389 Patent: 1:34-55, 2 34-53,3:8-67, 5:29-41, 7:1-32 <br> • Provisional Patent Application 61/212,773: p2, ln1 – p.4, ln 9; p.6, ln 28 – p.7, ln 5; FIGS. 1-4, claims 1, 2 <br> • PCT2010/119446 – pp.1 - 7; FIGS. 2B, 3B, 4B; Claims 1, 21, 33, 43 <br> • EP 2 505 454 Patent Specification (DOONA-011629-011653) |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | Plaintiffs rely on the intrinsic and extrinsic evidence cited for the term/phrase listed as term number 3 above | • October 3, 2013 letter to examiner Vachey in EP application 12171594 (DOONA-011696-011704)<br>• EP 2 517 945 Patent specification (DOONA-011742-011765)<br>• February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488)<br>• September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543)<br>• January 9, 2015 letter to examiner Vachey in EP application 12171606 (DOONA-012544-012556)<br>• October 20, 2015 letter to examiner in EP application 12171606<br>• (DOONA-12557-012561)<br>• October 3,2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591)<br>• July 26, 2013 written opinion in Japanese Patent Application 2012/505297 (DOONA-012262-012269)<br>• Potential testimony from technical expert |
| 5 | "seat lowermost surface" | 389-1<br>390-1 | **Plaintiffs' Definition**:<br>**"the part of the seat lowermost area that is able to contact a surface upon which the baby safety car seat sits"** | Construction of this term will address issues pertaining to Plaintiff's allegations of infringement. |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | **Plaintiffs' Intrinsic Support for Definition**:<br>Claim 1 ("a lower, support portion including a seat lowermost area with a **seat lowermost surface configured to contact a vehicle surface** to which the seat is to be mounted")<br><br>5:29-33 ("With reference to FIGS. 3A to 5, the combination-seat 28 comprises a baby seat 30 (FIG. 4A and 4B) having a lower support portion 44 including a seat lowermost area 49 with a **seat lowermost surface** 49' (FIG. 4A) configured to contact a vehicle surface to which the seat is to be mounted")<br><br>Figure 1–5<br><br>**Plaintiffs' Extrinsic Support for Definition**:<br>Declaration of Plaintiffs' expert witness pertaining to this term<br><br>**Plaintiffs' Statement as to Why Resolution Makes a Difference**:<br>Defendant (not Plaintiffs) urge construction of this term. Defendant's noninfringement contentions do not indicate why the term needs to be construed. Plaintiffs desire a | **Construction:**<br>"lowermost surface of the baby safety car seat when used in its designed orientation for baby safety"<br><br>**Intrinsic/Extrinsic Supporting Evidence:**<br>• 390 Patent: 5:29-41, FIG. 4A<br>• 389 Patent: 5:29-41, FIG. 4A<br>• 390 File History - Amendment "A" under CFR 1.111<br>• 389 File History - Amendment under CFR 1.312<br>• Provisional Patent Application 61/212,773: p.2, ln 1 - p.5, ln 23; p.9, ln 21 – p.10, ln 2; FIGS. 1-4<br>• PCT2010/119446 – pp.1 - 5; pp.7 – 10; p.13; p.15; FIGS. 2B, 3A, 4A-4D, 5; Claim 1, 6-7, 12, 16, 20-21, 25, 29, 33, 40, 43, 49<br>• EP 2 505 454 Patent Specification (DOONA-011629-011653)<br>• Potential testimony from technical expert |

|  | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
|  |  |  | definition that makes clear to the jury what part of the baby safety car seat is the lowermost surface vs. the lowermost area vs. the lower portion. |  |
| 6 | "leg attachment area[]"<br><br>"leg attachment area" | 781-1<br>389-1<br>390-1 | **Plaintiffs' Definition**:<br>"**area that accommodates the attachment of legs to the baby safety car seat**"<br><br>**Plaintiffs' Intrinsic Support for Definition**:<br>'781 Patent, Claim 1 ("a lower, support portion including . . . two **leg attachment areas** on two sides of the lowermost area . . . a right and left pair of front and rear legs . . . proximal ends articulated to the seat lower portion at the corresponding **leg attachment area**")<br><br>'389 Patent, Claim 1 ("**a right and a left leg attachment area** each at a corresponding right or left side of the seat lowermost area . . . a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lowermost area at the corresponding **right or left leg attachment area**")<br><br>'390 Patent, Claim 1 ("a lower, support portion including . . . two **leg attachment areas** at two sides of the lowermost area . . . | Construction of this term will address issues pertaining to Plaintiff's allegations of infringement.<br><br>**Construction:**<br>"location on one-side of the seat where the proximal ends of each of the front and rear legs attach to the seat"<br><br>**Intrinsic/Extrinsic Supporting Evidence:**<br>390 Patent: 3:8-39, 5:29-59, 5:60-63<br><br>• 6:7-20, 9:61-10:47, 11:29-38; FIGS. 2B, 3A, 4A-4D, 5, 7A-7C, 8A-8C, 9A-9B<br>• 389 Patent: 3:8-39, 5:29-59, 5:60-63, 6:7-20, 9:61-10:47, 11:29-38; FIGS. 2B, 3A, 4A-4D, 5, 7A-7C, 8A-8C, 9A-9B<br>• 781 Patent: 3:8-39, 5:29-59, 5:60-63, 6:7-20, 9:61-10:47, 11:29-38; FIGS. 2B, 3A, 4A-4D, 5, 7A-7C, 8A-8C, 9A-9B<br>• Provisional Patent Application 61/212,773: p.1, ln 16 – p.2, ln. 29; p.3, ln 8 - p.6, ln 5; p.8, ln 1-23; p.9, ln 3 – p.13, ln 4; FIGS. 1-4, Claims 1-4 |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | a right and left pair of front and rear legs . . . proximal ends articulated to the seat lowermost area at the corresponding **leg attachment area**")<br><br>5:37-40 ("The combination-seat further comprises **two leg attachment areas** 73 (shown in FIG. 3) on two sides of the lowermost area located above the base plane and extending along a horizontal axis X of the assembly")<br><br>5:47-52 ("Each leg support in each of the above assemblies has a distal end 125 associated with a wheel and a proximal end 127 articulated to the seat lower portion at the corresponding **leg attachment area** 73. Each **leg attachment area** 73 **accommodates** the proximal ends of one rear and one front leg")<br><br>Figures 1–5<br><br>**Plaintiffs' Extrinsic Support for Definition**:<br>Declaration of Plaintiffs' expert witness pertaining to this term<br><br>**Plaintiffs' Statement as to Why Resolution Makes a Difference**: | • PCT2010/119446 – pp.1 - 5; pp.7 – 8; FIGS. 1A-5, 10A-10D; Claim 1-2, 13, 20, 25, 33, 40, 43, 45<br>• 389 File History - 1/10/2013 Response to First Action Interview (Pre-Interview Communication); 389 Patent File History - 1/16/2013 Summary of Examiner Interview (By Applicant); U.S.P.N. 5,398,951;<br>• EP 2 505 454 Patent Specification (DOONA-011629-011653)<br>• EP 2 517 945 Patent specification (DOONA-011742-011765)<br>• February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488)<br>• September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543)<br>• January 9, 2015 letter to examiner Vachey in EP application 12171606 (DOONA-012544-012556)<br>• October 20, 2015 letter to examiner in EP application 12171606 (DOONA-12557-012561)<br>• October 3,2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591)<br>• July 26, 2013 written opinion in Japanese Patent Application 2012/505297 (DOONA-012262- |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | Defendant (not Plaintiffs) urge construction of this term. Defendant's noninfringement contentions do not indicate why the term needs to be construed. Defendant's device differs from the example embodiment shown in the patents at issue. In Defendant's device, the proximal ends of the longer legs are attached to the leg attachment area and its shorter legs are attached to the longer legs. The parties appear to agree on what and where a "leg attachment area" is, but Defendant appears to be trying to obtain a definition that requires or implies that both legs have to attach directly to the "leg attachment area" | 012269)<br>• Potential testimony from technical expert |
| 7 | "reference horizontal base plane"<br><br>"reference horizontal plane"<br><br>"base plane" | 781-1<br>389-1<br>390-1 | **Plaintiffs' Definition**:<br>**"a horizontal plane defined by the lowermost surface of the lower, support portion of the baby safety car seat"**<br><br>**Plaintiffs' Intrinsic Support for Definition**:<br>Claim 1 ("a lower, support portion including a seat lowermost area . . . defining a **reference horizontal base plane**")<br><br>'781 Patent, 5:29-37 ("With reference to FIGS. 3A to 5, the combination-seat 28 comprises a baby seat 30 (FIG. 4A and 4B) having **a lower support portion 44 including a seat lowermost area 49** | Construction of this term will address issues pertaining to Plaintiff's allegations of infringement.<br><br>**Construction:**<br>"a horizontal plane defined by the lowermost surface of the baby safety car seat"<br><br>**Intrinsic/Extrinsic Supporting Evidence:**<br>• 390 Patent: 1:34-55, 2:21-28, 2:34-52, 3:8-39, 3:51-4:6, 5:29-56, 6:26-45; FIGS 1A-3B, 4B<br>• 389 Patent: 1:34-55, 2:21-28, 2:34-52, |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | **configured to contact a vehicle surface to which the seat is to be mounted** (not shown) . . . **The seat lowermost area 49 defines an imaginary horizontal base plane 29**, from which the head area 45 is spaced to a greater distance than the feet area 47.")<br><br>'389 & '390 Patents, 5:29-37 ("With reference to FIGS. 3A to 5, the combination-seat 28 comprises a baby seat 30 (FIGS. 4A and 4B) **having a lower support portion 44 including a seat lowermost area 49 with a seat lowermost surface 49' (FIG. 4A) configured to contact a vehicle surface to which the seat is to be mounted** (not shown) and an upper seating portion 51 with a front head area 45 and a rear feet area 47. **The seat lowermost surface 49' defines an imaginary horizontal base plane 29**, from which the head area 45 is spaced to a greater distance than the feet area 47.")<br><br>Figures 1A, 1B, 1C, 2A, 2B, 2C, 3A, 3B, 4B<br><br>**Plaintiffs' Extrinsic Support for Definition**:<br>Declaration of Plaintiffs' expert witness pertaining to this term | 3:8-39, 3:51-4:6, 5:29-56, 6:26-45; FIGS 1A-3B, 4B<br>• 781: 1:34-55, 2:21-28, 2:34-52, 3:8-39, 3:51-4:6, 5:29-56, 6:26-45; FIGS 1A-3B, 4B<br>• 390 file history-Preliminary amendment 11/08/2012<br>• PCT2010/119446 – pp.1 - 7; FIGS. 1A-3B, 4B; Claim 1, 20, 33, 43<br>• EP 2 505 454 Patent Specification (DOONA-011629-011653)<br>• 389 File History - 1/10/2013 Response to First Action Interview (Pre-Interview Communication); 389 Patent File History - 1/16/2013 Summary of Examiner Interview (By Applicant); U.S.P.N. 5,398,951;<br>• October 3, 2013 letter to examiner Vachey in EP application 12171594 (DOONA-011696-011704)<br>• EP 2 517 945 Patent specification (DOONA-011742-011765)<br>• February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488)<br>• September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543)<br>• January 9, 2015 letter to examiner Vachey in EP application 12171606 (DOONA-012544-012556) |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | **Plaintiffs' Statement as to Why Resolution Makes a Difference**: Defendant's definition leaves it unclear what part of the car seat is the "lowermost surface," e.g., is it the wheels? Plaintiff's definition makes clear that it is the lowermost surface of the lower, support portion of the baby safety car seat, and not the legs or wheels, that defines the plane. | • October 20, 2015 letter to examiner in EP application 12171606 (DOONA-12557-012561)<br>• October 3, 2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591)<br>• July 26, 2013 written opinion in Japanese Patent Application 2012/505297 (DOONA-012262-012269)<br>• Potential testimony from technical expert |
| 8 | "the legs of each pair having … proximal ends articulated to the [seat lower portion / seat lowermost area] at the corresponding [right or left] leg attachment area" | 781-1 389-1 390-1 | **Plaintiffs' Definition**: "**the legs of each pair are connected at their proximal ends (via a joint or joints, either directly or indirectly) to the seat [lower portion / lowermost area] at the corresponding leg attachment area**"<br><br>**Plaintiffs' Intrinsic Support for Definition**: '781 Patent, Claim 1 ("a right and left pair of front and rear legs, the legs of **each pair** having . . . proximal ends **articulated** to the seat lower portion at the corresponding leg attachment area")<br><br>'389 & '390 Patents, Claim 1 ("a right and left pair of front and rear legs, the legs of **each pair** having . . . proximal ends **articulated** to the seat lowermost area at the | Construction of this term will address issues pertaining to Plaintiff's allegations of infringement.<br><br>**Construction:**<br><br>"each of the front and rear legs has a proximal end that forms a joint with the [seat lower portion / seat lowermost area] at its corresponding leg attachment area"<br><br>**Intrinsic/Extrinsic Supporting Evidence:**<br><br>• 390 Patent: 1:42-55, 2:39-52, 3:27-39, 3:59-4:6, 5:48-59, 9:23-49; FIGS.1A-2C, 3A<br>• 389 Patent: 1:42-55, 2:39-52, 3:27-39, 3:59-4:6, 5:48-59, 9:23-49; FIGS.1A-2C, 3A<br>• 781 Patent: 1:42-55, 2:39-52, 3:27-39, 3:59-4:6, 5:48-59, 9:23-49; FIGS.1A- |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | corresponding right or left leg attachment area") <br><br> 5:48-51 ("Each leg support in each of the above assemblies has a distal end 125 associated with a wheel and a proximal end 127 **articulated** to the seat lower portion at the corresponding leg attachment area 73.") <br><br> Figures 1A–3B, 7A–10D <br><br> U.S. Patent No. 6,446,990, entitled "Transport Vehicle for an Infant of Low Age," and cited on the faces of the '781, '389, and '390 Patents, uses the term "articulated" throughout specification and claims <br><br> U.S. Patent No. 4,786,064 "Convertible Infant Seat," cited on face of '389 Patent, uses the term "articulated" in specification <br><br> **Plaintiffs' Extrinsic Support for Definition**: <br> U.S. Patent App. No. 2007/0176389 uses the term "articulated to" throughout its specification <br><br> U.S. Patent App. No. 2009/0078011 uses the term "articulated" throughout its specification | 2C, 3A <br> • PCT2010/119446 – pp.1 - 5; FIGS. 1A-4D, 5; Claim 1, 20, 33, 43 <br> • Provisional Patent Application 61/212,773: p.1, ln 16 – p.2, ln. 29; p.3, ln 8 - p.6, ln 5; p.8, ln 1-23; p.9, ln 3 – p.13, ln 4; FIGS. 1-4, Claims 1-4 <br> • EP 2 505 454 Patent Specification (DOONA-011629-011653) <br> • October 3, 2013 letter to examiner Vachey in EP application 12171594 (DOONA-011696-011704) <br> • EP 2 517 945 Patent specification (DOONA-011742-011765) <br> • February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488) <br> • September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543) <br> • January 9, 2015 letter to examiner Vachey in EP application 12171606 (DOONA-012544-012556) <br> • October 20, 2015 letter to examiner in EP application 12171606 (DOONA-12557-012561) <br> • October 3,2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591) <br> • July 26, 2013 written opinion in Japanese Patent Application |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | U.S. Patent App. Pub. No. 2010/0052276 uses the term "articulated to" throughout its specification and claims<br><br>Dictionary of Engineering, McGraw-Hill (2nd Ed.) – "articulated structure" – "A structure in which relative motion is allowed to occur between parts, usually by means of a hinged or sliding joint or joints"<br><br>The American Heritage Dictionary of the English Language – "articulate" – "To unite by forming a joint or joints"<br><br>Declaration of Plaintiff's expert witness pertaining to the meaning of the terms "articulate" and "articulated"<br><br>**Plaintiffs' Statement as to Why Resolution Makes a Difference**:<br>Defendant (not Plaintiffs) urge construction of this term. Defendant's noninfringement contentions do not indicate why the term needs to be construed. However, the parties appear to differ on the meaning of the word "articulate," i.e., does it mean "a joint" or "a joint or joints"? In Defendant's device, the proximal end of the longer leg on each side is attached to the lower portion of the car seat. The proximal end of the shorter leg is | 2012/505297 (DOONA-012262-012269)<br>• Potential testimony from technical expert |

|  | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
|  |  |  | rotatably attached to the longer leg near its proximal end. Defendant appears to be trying to limit the connection between each leg and the seat to a single joint, while Plaintiffs' definition permits the connection to be made via one or more joints, directly or indirectly. |  |
| 9 | "legs rotation axis" | 781-4 | **Plaintiffs' Definition:**<br>"**an axis about which each leg pair rotates**"<br><br>**Plaintiffs' Intrinsic Support for Definition:**<br>Claim 4 ("**the legs are rotatable about a legs rotation axis** that is spaced from a substantially vertical line passing through the distal end of the handle substantially perpendicularly to the reference horizontal base plane.")<br><br>6:16-20 ("a horizontal **axis** X, to which the two pairs of legs-and-wheels and the handle attach, and by which the two pairs of legs-and wheels and the handle rotate relative to the baby seat about the **axis** X")<br><br>6:32-33 ("the sets of legs-and wheels 32, 34 to rotate generally independently, around a common **axis**.")<br><br>Figures 3A, 3B | Construction of this term will address issues pertaining to Plaintiff's allegations of infringement.<br><br>**Construction:**<br>"single line with no width about which each leg rotates"<br><br>**Intrinsic/Extrinsic Supporting Evidence:**<br>• 781 Patent: 5:29-60, 6:7-33, 7:46-65; FIGS. 3A-3B<br>• Provisional Patent Application 61/212,773: p.1, ln 16 – p.2, ln. 29; p.3, ln 8 - p.6, ln 5; p.8, ln 1-23; p.9, ln 3 – p.13, ln 4; FIGS. 1-4, Claims 1-4<br>• PCT2010/119446 – Claim 36-37 FIGS. 3A-3B<br>• DOONA008166-8181<br>• DOONA008134-149<br>• DOONA008206-8229 |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | U.S. Patent No. 4,832,354, entitled "Combination Stroller and Car Seat," and cited on the faces of the '781, '389, and '390 Patents, uses the term "rotation axis" and "rotational axis" in its specification and "axis" in its claims<br><br>U.S. Patent No. 6,910,696, entitled "Transporter," and cited on the faces of the '781, '389, and '390 Patents, uses the term "axis of rotation" in its specification and claims<br><br>U.S. Patent No. 7,871,099, entitled "Collapsible Pushchair," and cited on the faces of the '781, '389, and '390 Patents, uses the phrases "axis of rotation" throughout its specification and claims<br><br>U.S. Patent No. 6,446,990, entitled "Transport Vehicle for an Infant of Low Age," and cited on the faces of the '781, '389, and '390 Patents, uses the term "axis" throughout its specification and claims<br><br>**Plaintiffs' Extrinsic Support for Definition**:<br>Declaration of Plaintiffs' expert witness pertaining to this term | • Random House Dictionary (1992); Merriam Webster's Collegiate Dictionary, 11th Edition (2003); Webster's New Universal Unabridged Dictionary, 2nd Edition (1983)<br>• September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543)<br>• January 9, 2015 letter to examiner Vachey in EP application 12171606 (DOONA-012544-012556)<br>• October 20, 2015 letter to examiner in EP application 12171606 (DOONA-12557-012561)<br>• July 26, 2013 written opinion in Japanese Patent Application 2012/505297 (DOONA-012262-012269)<br>• Potential testimony from technical expert |

|  | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
|  |  |  | **Plaintiffs' Statement as to Why Resolution Makes a Difference**: Defendant (not Plaintiffs) urge construction of this term. Defendant's noninfringement contentions do not indicate why the term needs to be construed. Defendant's product differs from the example embodiment shown in the patents. In Defendant's device, the proximal end of the longer leg on each side is rotatably attached to the lower portion of the car seat, while the proximal end of the shorter leg is rotatably connected to the longer leg near its proximal end. Defendant appears to be trying to narrow the construction to require "leg" (singular) axis, rather than a "legs" (plural) axis, about which each "pair" of "legs" can rotate. |  |
| 10 | "common substantially horizontal axis" | 389-1 390-3 | **Plaintiffs' Definition**: "a substantially horizontal axis about which each leg pair rotates"<br><br>**Plaintiffs' Intrinsic Support for Definition**: '389 Patent, Claim 1 ("a right and left pair of front and rear legs, the legs of each pair having distal ends associated with wheels and proximal ends articulated to the seat lowermost area at the corresponding right or left leg attachment area so that **each leg is rotatable about** the **common substantially horizontal axis**") | Construction of this term will address issues pertaining to Plaintiff's allegations of infringement.<br><br>**Construction:**<br>"single substantially horizontal line with no width about which each leg rotates"<br><br>**Intrinsic/Extrinsic Supporting Evidence:**<br>• 390 Patent: 5:29-60, 6:7-33, 7:46-65; FIGS. 3A-3B |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | '390 Patent, Claim 3 ("the leg attachment areas have a common substantially horizontal axis disposed above the seat lowermost area, **the legs being rotatable about the axis** at locations spaced from each other therealong.")<br><br>5:37-41 ("The combination-seat further comprises two leg attachment areas 73 (shown in FIG. 3) on two sides of the lowermost area located above the base plane and extending along **a horizontal axis** X of the assembly.")<br><br>12:6-9 ("For example, the front and rear legs can be rotatable in different directions and have their storage positions on different sides of their **common horizontal axis**")<br><br>Figures 3A, 3B<br><br>U.S. Patent No. 6,910,696, entitled "Transporter," and cited on the faces of the '781, '389, and '390 Patents, uses the term "horizontal axis" in its specification<br><br>**Plaintiffs' Extrinsic Support for Definition:**<br>Declaration of Plaintiffs' expert witness pertaining to this term | • 389 Patent: 5:29-60, 6:7-33, 7:46-65; FIGS. 3A-3B<br>• Provisional Patent Application 61/212,773: p.1, ln 16 – p.2, ln. 29; p.3, ln 8 - p.6, ln 5; p.8, ln 1-23; p.9, ln 3 – p.13, ln 4; FIGS. 1-4, Claims 1-4<br>• DOONA008166-8181<br>• DOONA008134-149<br>• DOONA008206-8229<br>• Random House Dictionary (1992); Merriam Webster's Collegiate Dictionary, 11th Edition (2003); Webster's New Universal Unabridged Dictionary, 2nd Edition (1983)<br>• October 3, 2013 letter to examiner Vachey in EP application 12171594 (DOONA-011696-011704)<br>• EP 2 517 945 Patent specification (DOONA-011742-011765)<br>• February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488)<br>• September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543)<br>• October 3,2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591)<br>• July 26, 2013 written opinion in Japanese Patent Application |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | **Plaintiffs' Statement as to Why Resolution Makes a Difference**: Defendant (not Plaintiffs) urge construction of this term. Defendant's noninfringement contentions do not indicate why the term needs to be construed. Defendant's device differs from the example embodiment shown in the patents. In Defendant's device, the proximal end of the longer leg on each side is rotatably attached to the lower portion of the car seat, while the proximal end of the shorter leg is rotatably connected to the longer leg near its proximal end. Defendant appears to be trying to narrow the construction to require "leg" (singular) axis, rather than a "legs" (plural) axis, "about" which each "pair" of "legs" can rotate. | 2012/505297 (DOONA-012262-012269) <br> • Potential testimony from technical expert |
| 11 | "locking mechanism" | 389-1 390-1 390-7 | **Plaintiffs' Definition**: "locking mechanism" is not a means-plus-function limitation; it has its plain and ordinary meaning, i.e., a structure that is used to lock something, the meaning of which is supported by the surrounding claim language and specification, which show that the term is understood by those of skill in the art to denote structure. <br><br> **Plaintiffs' Intrinsic Support for Definition**: | The term "locking mechanism" cannot be construed in isolation from the recited functional language found in claim 1 of the '389 Patent, claim 1 of the '390 Patent, and claim 7 of the '390 Patent. The "locking mechanism" and corresponding functional language should be construed as a means-plus-function under 35 U.S.C. §112, ¶6 as addressed below. <br><br> **Intrinsic/Extrinsic Supporting Evidence:** |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | '389 Patent, Claim 1 ("a right and a left **locking mechanism** . . . configured to perform at least one of the following functions on the pair of the legs associated therewith: (a) to lock at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, from the storage position into the operational position; (b) to lock at least one of the legs, when in the operational position, to the lower portion of the seat; or (c) to lock the legs to each other.")<br><br>'390 Patent, Claim 1 ("a **locking mechanism** configured for **locking** a first leg of each pair of legs to a second leg of the same pair of legs in at least one of the storage position, the intermediate position, or the operational position of the first leg, and **unlocking** the first and second legs from each other in at least one other position of the first leg.")<br><br>'390 Patent, Claim 7 ("the **locking mechanism** is configured to perform at least one of the following functions: (a) to **lock** at least one of the legs to the lower portion of the seat in at least one of the storage position or operational position, allowing rotation of the leg when unlocked, between the storage and operational positions to **lock** | • 390 Patent: 6:7:42, 7:66-8:40, 9:9-10:47, 11:30-12:2<br>• 389 Patent: 6:7:42, 7:66-8:40, 9:9-10:47, 11:30-12:2<br>• Provisional Patent Application 61/212,773: p.1, ln 16 – p.2, ln. 29; p.3, ln 8 - p.6, ln 13; p.7, ln 18 – p.8, ln 23; p.9, ln 3 – p.13, ln 4; FIGS. 1-4, Claims 1-4<br>• PCT2010/119446 – pp.2 - 5; pp.8 – 9; pp.11-17; Claim 6-11, 15, 20-22, 28, 43, 49; FIGS. 3, 5, 7-9<br>• 390 File History- Preliminary Amendment 11/08/2012<br>• EP 2 505 454 Patent Specification (DOONA-011629-011653)<br>• October 3, 2013 letter to examiner Vachey in EP application 12171594 (DOONA-011696-011704)<br>• EP 2 517 945 Patent specification (DOONA-011742-011765)<br>• February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488)<br>• September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543)<br>• October 3,2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591)<br>• July 26, 2013 written opinion in |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | the legs to each other in at least one of the storage, operational, or intermediate positions of at least one of the legs.")<br><br>6:7-33 ("Baby seat 30 comprises a left and right **locking mechanism** 38 disposed in the corresponding legs attachment area 73 having a first locking arrangement 79 **configured to lock each pairs of legs to the lower portion of the seat in their storage position**, and **allowing rotation of the legs when unlocked**, from their storage position into their operational position, a second locking arrangement 102 configured to **lock the legs of each pair to each other**, at least during a part of their way between their storage and operational positions . . . **Locking mechanism** 38 comprises two generally similar hinges 39, the hinges typically being mirror images of each other. Only one of the hinges is visible in FIGS. lA to 2C. For each of the four configurations of combination-seat 28, **the locking mechanism maintains the seat 30, the legs-and wheels 32 and 34, and the handle 36 in fixed desired positions relative to one another.**")<br><br>8:8-10 ("**Between the two locked positions, the sets of legs-and-wheels are free to rotate around locking mechanism** 38.") | Japanese Patent Application 2012/505297 (DOONA-012262-012269)<br>• Potential testimony from technical expert |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | 9:23-49 ("FIG. 5 shows a perspective bottom view of seat 30, according to an embodiment of the present invention. The view shows elements of **locking mechanism** 38 allowing transfer between the second and third configurations and elements of legs control handle mechanism 56. The transfer is accomplished by pulling on legs control handle 54, which is connected by a cabling-sleeve 78 to shaft 68. As shown by arrows in the figure, pulling on handle 54 pulls on a cable 84 within sleeve 78, causing two **locking** pins 80, 82 to move inwards to retracted positions. Pins 80 and 82 are spring loaded, and slide in holes within lower section 42. In their retracted positions, the pins disengage from first holes 115 (shown in FIG. 9A) located on and extending partially through the proximal ends 127 of the rear legs-and-wheels 34 allowing rotation of the legs-and-wheels between the second and third configurations. Front legs-and wheels 32 also rotate, but rather than engaging with pins 80, 82, the front legs-and-wheels are held in position by pin 102. On release of the handle 54, the pins return to their unretracted positions engaging second holes 117 (shown in FIG. 9A) located on and extending partially through the proximal | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | ends of the rear legs-and-wheels 34 and a radial distance away from the first holes 115, **locking** the legs-an-wheels in their positions for the second or third configuration. If the handle 54 is released between the two configurations, the legs-and-wheels may still rotate, but will spring **lock** into either the second or third configuration, whichever configuration is first.")<br><br>11:66 – 12:2 ("By **locking** the front legs and wheels to each other via pin 102 and 100, and by locking the rear legs and wheels to the base via pins 80 and 82 the assembly is locked in the operational position.")<br><br>Figures 1A–10D<br><br>U.S. Patent No. 6,446,990, entitled "Transport Vehicle for an Infant of Low Age," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 6,655,702, entitled "Combination Vehicle Passenger Seat/Child Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | "locking mechanism" throughout its specification<br><br>U.S. Patent No. 6,729,630, entitled "Child Care Seat/Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 6,910,696, entitled "Transporter," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>U.S. Patent No. 7,506,921, entitled "Convertible Carseat/Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 7,543,886, entitled "Child Car Seat with Alternative Mobility Attributes," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent App. Pub. No. 2002/0060444, entitled "Convertible Car Seat for Infants," and cited on the faces of the '781, '389, and | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | '390 Patents, uses the term "locking mechanism" in its specification<br><br>U.S. Patent App. Pub. No. 2008/0079293, entitled "Child Care Seat with Alternative Mobility Attributes," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>U.S. Patent No. 4,763,911, entitled "Foldable Baby Carriage," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 4,834,403, entitled "Combined Infant Car-Seat and Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 4,874,182, entitled "Stroller Apparatus for Juvenile Care Seat," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 4,989,888, entitled "Combination Child Restraint and Stoller," and cited on the faces of the '781, '389, and | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | '390 Patents, uses the term "locking mechanism" in its specification<br><br>U.S. Patent No. 5,398,951, entitled "Convertible Child Care Seat/Stroller Apparatus," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 5,823,547, entitled "Child Safety Seat," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>U.S. Patent No. 6,237,995, entitled "Carseat and Stroller with Folding Linkage System," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification and claims<br><br>U.S. Patent No. 6,367,821, entitled "Car Seat and Stroller Assembly," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>**Plaintiffs' Extrinsic Support for Definition**: | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | Declaration of Plaintiffs' expert witness pertaining to the phrase "locking mechanism" <br><br> **Plaintiffs' Alternative Definition**: Should the Court rule that the term is a means-plus-function term, Plaintiff provides the following: <br><br> **Function:**  (a) to lock at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, from the storage position into the operational position; (b) to lock at least one of the legs, when in the operational position, to the lower portion of the seat; (c) to lock the legs to each other; or (d) to unlock the legs from each other" <br><br> **Structure:**  a locking mechanism having a legs control handle that, when pulled, causes a locking pin to disengage from, and, when released, causes locking pin engagement into, holes that correspond to positions of the legs; or equivalents thereto <br><br> **Plaintiffs' Statement as to Why Resolution Makes a Difference**: It appears that Defendant's position is that its locking mechanism operates differently from the exemplary embodiment disclosed | |

|   | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|------|--------|-----------------------------------------------------------------------------------|-----------------------------------------------------------------------------------|
|   |   |   | in the patents at issue. Defendant seeks to have the Court construe the term "locking mechanism" as limited solely to the specific example embodiment described in the patents |   |
| 12 | "locking mechanism . . . configured to perform at least one of the following functions on the pair of the legs associated therewith: (a) to lock at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, from the storage position into the operational position; (b) to lock at least one of the legs, when in the operational position, to the lower portion of the seat; or (c) to lock the legs to each other" | 389-1 | **Plaintiffs' Definition**: This 99-word phrase is not a means-plus-function limitation; it has its plain and ordinary meaning, i.e., "a mechanism that locks at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, from the storage position into the operational position, locks at least one of the legs, when in the operational position, to the lower portion of the seat, or locks the legs to each other," which is supported by the surrounding claim language and specification, which show that the term is understood by those of skill in the art to denote structure.<br><br>**Plaintiffs' Intrinsic Support for Definition**:<br>Claim 1 ("a right and a left **locking mechanism** . . . configured to perform at least one of the following functions on the pair of the legs associated therewith: (a) to lock at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, | Construction of this term will address issues pertaining to Plaintiff's allegations of infringement.<br><br>**Construction**:<br><br>This phrase should be construed as a means-plus-function under 35 U.S.C. §112, ¶6 as follows:<br><br><br>**Function**: (a) to lock at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, from the storage position into the operational position; (b) to lock at least one of the legs, when in the operational position, to the lower portion of the seat; or (c) to lock the legs to each other<br><br><br>**Structure**: "locking mechanism 38" that includes: a non-spring-loaded "pin 102" having a shape that interlocks with a "hole 94" in the "front support leg 31" and having sloped faces that conform with the sloped faces of an "indent 75" within the seat 30 and an "indent |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | from the storage position into the operational position; (b) to lock at least one of the legs, when in the operational position, to the lower portion of the seat; or (c) to lock the legs to each other.")<br><br>6:7-33 ("Baby seat 30 comprises a left and right **locking mechanism** 38 disposed in the corresponding legs attachment area 73 having a first locking arrangement 79 **configured to lock each pairs of legs to the lower portion of the seat in their storage position**, and **allowing rotation of the legs when unlocked**, from their storage position into their operational position, a second locking arrangement 102 configured to **lock the legs of each pair to each other**, at least during a part of their way between their storage and operational positions . . . **Locking mechanism** 38 comprises two generally similar hinges 39, the hinges typically being mirror images of each other. Only one of the hinges is visible in FIGS. lA to 2C. For each of the four configurations of combination-seat 28, **the locking mechanism maintains the seat 30, the legs-and wheels 32 and 34, and the handle 36 in fixed desired positions relative to one another.**")<br>7:46-48 ("In a third configuration 48 of the combination-seat, front legs-and-wheels 32 | 116" within the "rear support leg 37"; and a "handle 54" that pulls on a "cable 84" causing "pins 80,82" to engage with and retract from "hole[s] 115" and "hole[s]117" in the rear legs<br><br>**Intrinsic/Extrinsic Supporting Evidence:**<br><br>• 389 Patent: 6:7-42, 7:66-8:40, 9:9-10:47, 11:30-12:2<br>• Provisional Patent Application 61/212,773: p.1, ln 16 – p.2, ln. 29; p.3, ln 8 - p.6, ln 13; p.7, ln 18 – p.8, ln 23; p.9, ln 3 – p.13, ln 4; FIGS. 1-4, Claims 1-4<br>• PCT2010/119446 – pp.2 - 5; pp.8 – 9; pp.11-17; Claim 6-11, 15, 20-22, 28, 43, 49; FIGS. 3, 5, 7-9<br>• EP 2 505 454 Patent Specification (DOONA-011629-011653)<br>• October 3, 2013 letter to examiner Vachey in EP application 12171594 (DOONA-011696-011704)<br>• EP 2 517 945 Patent specification (DOONA-011742-011765)<br>• February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488)<br>• September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543) |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | and rear legs-and-wheels 34 rotate around **locking mechanism** 38 to be below curved edges 44.")<br><br>8:8-10 ("**Between the two locked positions, the sets of legs-and-wheels are free to rotate around locking mechanism** 38.")<br><br>9:23-49 ("FIG. 5 shows a perspective bottom view of seat 30, according to an embodiment of the present invention. The view shows elements of **locking mechanism** 38 allowing transfer between the second and third configurations and elements of legs control handle mechanism 56. The transfer is accomplished by pulling on legs control handle 54, which is connected by a cabling-sleeve 78 to shaft 68. As shown by arrows in the figure, pulling on handle 54 pulls on a cable 84 within sleeve 78, causing two **locking** pins 80, 82 to move inwards to retracted positions. Pins 80 and 82 are spring loaded, and slide in holes within lower section 42. In their retracted positions, the pins disengage from first holes 115 (shown in FIG. 9A) located on and extending partially through the proximal ends 127 of the rear legs-and-wheels 34 allowing rotation of the legs-and-wheels between the second and third configurations. Front legs-and wheels | • October 3,2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591)<br>• July 26, 2013 written opinion in Japanese Patent Application 2012/505297 (DOONA-012262-012269)<br>• Potential testimony from technical expert |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | 32 also rotate, but rather than engaging with pins 80, 82, the front legs-and-wheels are held in position by pin 102. On release of the handle 54, the pins return to their unretracted positions engaging second holes 117 (shown in FIG. 9A) located on and extending partially through the proximal ends of the rear legs-and-wheels 34 and a radial distance away from the first holes 115, **locking** the legs-an-wheels in their positions for the second or third configuration. If the handle 54 is released between the two configurations, the legs-and-wheels may still rotate, but will spring **lock** into either the second or third configuration, whichever configuration is first.") <br><br> 11:66 – 12:2 ("By **locking** the front legs and wheels to each other via pin 102 and 100, and by locking the rear legs and wheels to the base via pins 80 and 82 the assembly is locked in the operational position.") <br><br> Figures 1A–10D <br><br> U.S. Patent No. 6,446,990, entitled "Transport Vehicle for an Infant of Low Age," and cited on the faces of the '781, '389, and '390 Patents, uses the term | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | "locking mechanism" throughout its specification<br><br>U.S. Patent No. 6,655,702, entitled "Combination Vehicle Passenger Seat/Child Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 6,729,630, entitled "Child Care Seat/Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 6,910,696, entitled "Transporter," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>U.S. Patent No. 7,506,921, entitled "Convertible Carseat/Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 7,543,886, entitled "Child Car Seat with Alternative Mobility Attributes," and cited on the faces of the '781, '389, and '390 Patents, uses the term | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | "locking mechanism" throughout its specification | |
| | | | U.S. Patent App. Pub. No. 2002/0060444, entitled "Convertible Car Seat for Infants," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification | |
| | | | U.S. Patent App. Pub. No. 2008/0079293, entitled "Child Care Seat with Alternative Mobility Attributes," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification | |
| | | | U.S. Patent No. 4,763,911, entitled "Foldable Baby Carriage," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification | |
| | | | U.S. Patent No. 4,834,403, entitled "Combined Infant Car-Seat and Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification | |
| | | | U.S. Patent No. 4,874,182, entitled "Stroller Apparatus for Juvenile Care Seat," and cited on the faces of the '781, '389, and '390 | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | Patents, uses the term "locking mechanism" throughout its specification | |
| | | | U.S. Patent No. 4,989,888, entitled "Combination Child Restraint and Stoller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification | |
| | | | U.S. Patent No. 5,398,951, entitled "Convertible Child Care Seat/Stroller Apparatus," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification | |
| | | | U.S. Patent No. 5,823,547, entitled "Child Safety Seat," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification | |
| | | | U.S. Patent No. 6,237,995, entitled "Carseat and Stroller with Folding Linkage System," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification and claims | |
| | | | U.S. Patent No. 6,367,821, entitled "Car Seat and Stroller Assembly," and cited on the faces of the '781, '389, and '390 Patents, | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | uses the term "locking mechanism" in its specification<br><br>**Plaintiffs' Extrinsic Support for Definition**:<br>Declaration of Plaintiffs' expert witness pertaining to this phrase<br><br>**Plaintiffs' Alternative Definition**:<br>Should the Court rule that the term is a means-plus-function term, Plaintiff provides the following:<br><br>**Function:** (a) to lock at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, from the storage position into the operational position; (b) to lock at least one of the legs, when in the operational position, to the lower portion of the seat; or (c) to lock the legs to each other"<br><br>**Structure:** a locking mechanism having a legs control handle that, when pulled, causes a locking pin to disengage from, and, when released, causes locking pin engagement into, holes that correspond to positions of the legs; or equivalents thereto.<br><br>**Plaintiffs' Statement as to Why Resolution Makes a Difference**: | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | It appears that Defendant's position is that its locking mechanism operates differently than the exemplary embodiment disclosed in the patents at issue thus Defendant seeks to have the Court construe the term "locking mechanism" as limited solely to the specific example embodiment described in the patents | |
| 13 | "a locking mechanism configured for locking a first leg of each pair of legs to a second leg of the same pair of legs in at least one of the storage position, the intermediate position, or the operational position of the first leg, and unlocking the first and second legs from each other in at least one other position of the first leg" | 390-1 | **Plaintiffs' Definition**: This 63-word phrase is not a means-plus-function limitation; it has its plain and ordinary meaning, i.e., "a mechanism that locks a first leg of each pair of legs to a second leg of the same pair of legs in at least one of the storage position, the intermediate position, or the operational position of the first leg, and unlocks the first and second legs from each other in at least one other position of the first leg," which is supported by the surrounding claim language and specification, which show that the term is understood by those of skill in the art to denote structure.<br><br>**Plaintiffs' Intrinsic Support for Definition**:<br>Claim 1 ("**a locking mechanism configured for locking a first leg of each pair of legs to a second leg of the same pair of legs in at least one of the storage position, the intermediate position, or the** | Construction of this term will address issues regarding the validity of the '390 Patent.<br><br>Construction of this term will address issues pertaining to Plaintiff's allegations of infringement.<br><br>**Construction:**<br><br>Indefinite under 35 U.S.C. §112, ¶2 as the specification fails to provide structure for all recited functions<br><br>*Alt:* To the extent the specification includes structure for some of the recited functions, this phrase should be construed as a means-plus-function construction under 35 U.S.C. §112, ¶6 as follows:<br><br>**Function**: "locking a first leg of each pair of legs to a second leg of the same pair of legs in at least one of the storage position, the intermediate position, or the operational position of the first leg, and unlocking the first |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | **operational position of the first leg, and unlocking the first and second legs from each other in at least one other position of the first leg**.") <br><br> 6:7-16 ("Baby seat 30 comprises **a left and right locking mechanism** 38 disposed in the corresponding legs attachment area 73 having a first locking arrangement 79 configured **to lock each pairs of legs to the lower portion of the seat in their storage position**, and **allowing rotation of the legs when unlocked, from their storage position into their operational position**, a second locking arrangement 102 configured **to lock the legs of each pair to each other**, at least during a part of their way between their storage and operational positions" <br><br> 7:46-48 ("In a third configuration 48 of the combination-seat, front legs-and-wheels 32 and rear legs-and-wheels 34 rotate around **locking mechanism** 38 to be below curved edges 44.") <br><br> 8:8-10 ("Between the two locked positions, the sets of legs-and-wheels are free to rotate **around locking mechanism** 38.") <br><br> 9:23-49 ("FIG. 5 shows a perspective bottom view of seat 30, according to an | and second legs from each other in at least one other position of the first leg." <br><br> **Structure**: "locking mechanism 38" that includes: (1) a non-spring loaded "pin 102" having a shape that interlocks with a "hole 94" in the "front support leg 31" and having sloped faces that conform with the sloped faces of an "indent 75" within the seat 30 and an "indent 116" on the "rear support leg 37"; and (2) a "handle 54" that pulls on a "cable 84" causing "pins 80,82" to retract from "hole[s]117" in the rear legs. <br><br> **Intrinsic/Extrinsic Supporting Evidence:** <br> • 390 Patent: 6:7-42, 7:66-8:40, 9:9-10:47, 11:30-12:2 <br> • Provisional Patent Application 61/212,773: p.1, ln 16 – p.2, ln. 29; p.3, ln 8 - p.6, ln 13; p.7, ln 18 – p.8, ln 23; p.9, ln 3 – p.13, ln 4; FIGS. 1-4, Claims 1-4 <br> • PCT2010/119446 – pp.2 - 5; pp.8 – 9; pp.11-17; Claim 6-11, 15, 20-22, 28, 43, 49; FIGS. 3, 5, 7-9 <br> • 390 File History- Preliminary Amendment 11/08/2012 <br> • EP 2 505 454 Patent Specification (DOONA-011629-011653) |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | embodiment of the present invention. The view shows elements of **locking mechanism** 38 allowing transfer between the second and third configurations and elements of legs control handle mechanism 56. The transfer is accomplished by pulling on legs control handle 54, which is connected by a cabling-sleeve 78 to shaft 68. As shown by arrows in the figure, pulling on handle 54 pulls on a cable 84 within sleeve 78, causing two **locking** pins 80, 82 to move inwards to retracted positions. Pins 80 and 82 are spring loaded, and slide in holes within lower section 42. In their retracted positions, the pins disengage from first holes 115 (shown in FIG. 9A) located on and extending partially through the proximal ends 127 of the rear legs-and-wheels 34 allowing rotation of the legs-and-wheels between the second and third configurations. Front legs-and wheels 32 also rotate, but rather than engaging with pins 80, 82, the front legs-and-wheels are held in position by pin 102. On release of the handle 54, the pins return to their unretracted positions engaging second holes 117 (shown in FIG. 9A) located on and extending partially through the proximal ends of the rear legs-and-wheels 34 and a radial distance away from the first holes 115, **locking** the legs-an-wheels in their | • October 3, 2013 letter to examiner Vachey in EP application 12171594 (DOONA-011696-011704)<br>• EP 2 517 945 Patent specification (DOONA-011742-011765)<br>• February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488)<br>• September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543)<br>• October 3,2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591)<br>• July 26, 2013 written opinion in Japanese Patent Application 2012/505297 (DOONA-012262-012269)<br>• Potential testimony from technical expert |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | positions for the second or third configuration. If the handle 54 is released between the two configurations, the legs-and-wheels may still rotate, but will spring **lock** into either the second or third configuration, whichever configuration is first.") | |
| | | | 11:66 – 12:2 ("By **locking** the front legs and wheels to each other via pin 102 and 100, and by locking the rear legs and wheels to the base via pins 80 and 82 the assembly is locked in the operational position.") | |
| | | | Figures 1A–10D | |
| | | | U.S. Patent No. 6,446,990, entitled "Transport Vehicle for an Infant of Low Age," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification | |
| | | | U.S. Patent No. 6,655,702, entitled "Combination Vehicle Passenger Seat/Child Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | U.S. Patent No. 6,729,630, entitled "Child Care Seat/Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 6,910,696, entitled "Transporter," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>U.S. Patent No. 7,506,921, entitled "Convertible Carseat/Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 7,543,886, entitled "Child Car Seat with Alternative Mobility Attributes," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent App. Pub. No. 2002/0060444, entitled "Convertible Car Seat for Infants," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | U.S. Patent App. Pub. No. 2008/0079293, entitled "Child Care Seat with Alternative Mobility Attributes," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>U.S. Patent No. 4,763,911, entitled "Foldable Baby Carriage," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 4,834,403, entitled "Combined Infant Car-Seat and Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 4,874,182, entitled "Stroller Apparatus for Juvenile Care Seat," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 4,989,888, entitled "Combination Child Restraint and Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | U.S. Patent No. 5,398,951, entitled "Convertible Child Care Seat/Stroller Apparatus," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 5,823,547, entitled "Child Safety Seat," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>U.S. Patent No. 6,237,995, entitled "Carseat and Stroller with Folding Linkage System," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification and claims<br><br>U.S. Patent No. 6,367,821, entitled "Car Seat and Stroller Assembly," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>**Plaintiffs' Extrinsic Support for Definition**:<br>Declaration of Plaintiffs' expert witness pertaining to this phrase<br><br>**Plaintiffs' Alternative Definition**: | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | Should the Court rule that the term is a means-plus-function term, Plaintiff provides the following:<br><br>**Function:** lock a first leg of each pair of legs to a second leg of the same pair of legs in at least one of the storage position, the intermediate position, or the operational position of the first leg, and unlock the first and second legs from each other in at least one other position of the first leg<br><br>**Structure:** a locking mechanism having a legs control handle that, when pulled, causes a locking pin to disengage from, and, when released, causes locking pin engagement into, holes that correspond to positions of the legs; or equivalents thereto.<br><br>**Plaintiffs' Statement as to Why Resolution Makes a Difference**:<br>It appears that Defendant's position is that its locking mechanism operates differently than the exemplary embodiment disclosed in the patents at issue thus Defendant seeks to have the Court construe the term "locking mechanism" as limited solely to the specific example embodiment described in the patents | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| 14 | "the locking mechanism is configured to perform at least one of the following functions: (a) to lock at least one of the legs to the lower portion of the seat in at least one of the storage position or operational position, allowing rotation of the leg when unlocked, between the storage and operational positions to lock the legs to each other in at least one of the storage, operational, or intermediate positions of at least one of the legs" | 390-7 | **Plaintiffs' Definition**: This 79-word phrase is not a means-plus-function limitation; it has its plain and ordinary meaning, i.e., "a mechanism that locks at least one of the legs to the lower portion of the seat in at least one of the storage position or operational position or allows rotation of the leg, when unlocked, between the storage and operational positions, or locks the legs to each other in the storage position, operational position, or the intermediate position of at least one of the legs."<br><br>**Plaintiffs' Intrinsic Support for Definition**:<br>Claim 7 ("**the locking mechanism is configured to perform at least one of the following functions: (a) to lock at least one of the legs to the lower portion of the seat in at least one of the storage position or operational position, allowing rotation of the leg when unlocked, between the storage and operational positions to lock the legs to each other in at least one of the storage, operational, or intermediate positions of at least one of the legs.**")<br><br>6:7-33 ("Baby seat 30 comprises a left and right **locking mechanism** 38 disposed in the corresponding legs attachment area 73 | Construction of this term will address issues pertaining to Plaintiff's allegations of infringement.<br><br>**Construction:**<br>This phrase should be construed as a means-plus-function under 35 U.S.C. §112, ¶6 as follows:<br><br>**Function**: (a) to lock at least one of the legs to the lower portion of the seat in the storage position, allowing rotation of the leg when unlocked, from the storage position into the operational position; (b) to lock at least one of the legs, when in the operational position, to the lower portion of the seat; or (c) to lock the legs to each other.<br><br>**Structure**: "Locking mechanism 38" that includes: a non-spring loaded "pin 102" having a shape that interlocks with a "hole 94" in the "front support leg 31" and having sloped faces that conform with the sloped faces of an "indent 75" within the seat 30 and an "indent 116" within the "rear support leg 37"; and a "handle 54" that pulls on a "cable 84" causing "pins 80,82" to engage with and retract from "hole[s] 115" and "hole[s]117" in the rear legs. |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | having a first locking arrangement 79 **configured to lock each pairs of legs to the lower portion of the seat in their storage position**, and **allowing rotation of the legs when unlocked**, from their storage position into their operational position, a second locking arrangement 102 configured to **lock the legs of each pair to each other**, at least during a part of their way between their storage and operational positions . . . **Locking mechanism** 38 comprises two generally similar hinges 39, the hinges typically being mirror images of each other. Only one of the hinges is visible in FIGS. lA to 2C. For each of the four configurations of combination-seat 28, **the locking mechanism maintains the seat 30, the legs-and wheels 32 and 34, and the handle 36 in fixed desired positions relative to one another.**") <br><br> 7:46-48 ("In a third configuration 48 of the combination-seat, front legs-and-wheels 32 and rear legs-and-wheels 34 rotate around **locking mechanism** 38 to be below curved edges 44.") <br><br> 8:8-10 ("**Between the two locked positions, the sets of legs-and-wheels are free to rotate around locking mechanism** 38.") | **Intrinsic/Extrinsic Supporting Evidence:** <br><br> • 390 Patent: 6:7:42, 7:66-8:40, 9:9-10:47, 11:30-12:2, FIGS. 3, 5, 7-9 <br> • Provisional Patent Application 61/212,773: p.1, ln 16 – p.2, ln. 29; p.3, ln 8 - p.6, ln 13; p.7, ln 18 – p.8, ln 23; p.9, ln 3 – p.13, ln 4; FIGS. 1-4, Claims 1-4 <br> • 390 File History- Preliminary Amendment 11/08/2012 <br> • PCT2010/119446 – pp.2 - 5; pp.8 – 9; pp.11-17; Claim 6-11, 15, 20-22, 28, 43, 49; FIGS. 3, 5, 7-9 <br> • EP 2 505 454 Patent Specification (DOONA-011629-011653) <br> • October 3, 2013 letter to examiner Vachey in EP application 12171594 (DOONA-011696-011704) <br> • EP 2 517 945 Patent specification (DOONA-011742-011765) <br> • February 6, 2013 letter to examiner Vachey in EP application 10720829 (DOONA-012452-012488) <br> • September 17, 2013 letter to examiner Vachey in EP 12171606 (DOONA-012535-012543) <br> • October 3,2013 letter to Examiner Vachey in EP application 12171580 (DOONA-011582-011591) <br> • July 26, 2013 written opinion in |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | 9:23-49 ("FIG. 5 shows a perspective bottom view of seat 30, according to an embodiment of the present invention. The view shows elements of **locking mechanism** 38 allowing transfer between the second and third configurations and elements of legs control handle mechanism 56. The transfer is accomplished by pulling on legs control handle 54, which is connected by a cabling-sleeve 78 to shaft 68. As shown by arrows in the figure, pulling on handle 54 pulls on a cable 84 within sleeve 78, causing two **locking** pins 80, 82 to move inwards to retracted positions. Pins 80 and 82 are spring loaded, and slide in holes within lower section 42. In their retracted positions, the pins disengage from first holes 115 (shown in FIG. 9A) located on and extending partially through the proximal ends 127 of the rear legs-and-wheels 34 allowing rotation of the legs-and-wheels between the second and third configurations. Front legs-and wheels 32 also rotate, but rather than engaging with pins 80, 82, the front legs-and-wheels are held in position by pin 102. On release of the handle 54, the pins return to their unretracted positions engaging second holes 117 (shown in FIG. 9A) located on and extending partially through the proximal ends of the rear legs-and-wheels 34 and a | Japanese Patent Application 2012/505297 (DOONA-012262-012269)<br>• Potential testimony from technical expert |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | radial distance away from the first holes 115, **locking** the legs-an-wheels in their positions for the second or third configuration. If the handle 54 is released between the two configurations, the legs-and-wheels may still rotate, but will spring **lock** into either the second or third configuration, whichever configuration is first.")<br><br>11:66 – 12:2 ("By **locking** the front legs and wheels to each other via pin 102 and 100, and by locking the rear legs and wheels to the base via pins 80 and 82 the assembly is locked in the operational position.")<br><br>Figures 1A–10D<br><br>U.S. Patent No. 6,446,990, entitled "Transport Vehicle for an Infant of Low Age," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 6,655,702, entitled "Combination Vehicle Passenger Seat/Child Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | U.S. Patent No. 6,729,630, entitled "Child Care Seat/Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 6,910,696, entitled "Transporter," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>U.S. Patent No. 7,506,921, entitled "Convertible Carseat/Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 7,543,886, entitled "Child Car Seat with Alternative Mobility Attributes," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent App. Pub. No. 2002/0060444, entitled "Convertible Car Seat for Infants," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | U.S. Patent App. Pub. No. 2008/0079293, entitled "Child Care Seat with Alternative Mobility Attributes," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification <br><br> U.S. Patent No. 4,763,911, entitled "Foldable Baby Carriage," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification <br><br> U.S. Patent No. 4,834,403, entitled "Combined Infant Car-Seat and Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification <br><br> U.S. Patent No. 4,874,182, entitled "Stroller Apparatus for Juvenile Care Seat," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification <br><br> U.S. Patent No. 4,989,888, entitled "Combination Child Restraint and Stroller," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | U.S. Patent No. 5,398,951, entitled "Convertible Child Care Seat/Stroller Apparatus," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification<br><br>U.S. Patent No. 5,823,547, entitled "Child Safety Seat," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>U.S. Patent No. 6,237,995, entitled "Carseat and Stroller with Folding Linkage System," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" throughout its specification and claims<br><br>U.S. Patent No. 6,367,821, entitled "Car Seat and Stroller Assembly," and cited on the faces of the '781, '389, and '390 Patents, uses the term "locking mechanism" in its specification<br><br>**Plaintiffs' Extrinsic Support for Definition**:<br>Declaration of Plaintiffs' expert witness pertaining to this phrase<br><br>**Plaintiffs' Alternative Definition**: | |

| | Term | Claims | Plaintiffs' Proposed Construction and citations to intrinsic and extrinsic evidence | Defendant's Proposed Construction and citations to intrinsic and extrinsic evidence |
|---|---|---|---|---|
| | | | Should the Court rule that the term is a means-plus-function term, Plaintiff provides the following:<br><br>**Function:** (a) lock at least one of the legs to the lower portion of the seat in at least one of the storage position or operational position or (b) allow rotation of the leg, when unlocked, between the storage and operational positions, or (c) lock the legs to each other in the storage position, operational position, or the intermediate position of at least one of the legs.<br><br>**Structure:** a locking mechanism having a legs control handle that, when pulled, causes a locking pin to disengage from, and, when released, causes locking pin engagement into, holes that correspond to positions of the legs; or equivalents thereto.<br><br>**<u>Plaintiffs' Statement as to Why Resolution Makes a Difference</u>:** It appears that Defendant's position is that its locking mechanism operates differently than the exemplary embodiment disclosed in the patents at issue thus Defendant seeks to have the Court construe the term "locking mechanism" as limited solely to the specific example embodiment described in the patents. | |

Dated:  July 11, 2025


/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

Alexander D. Brown
Scott D. Smiley
Zac Davis
THE CONCEPT LAW GROUP, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Florida 33309
(754) 300-1500
abrown@conceptlaw.com
scott@conceptlaw.com
zdavis@conceptlaw.com

*Attorneys for Plaintiffs*


/s/ Rodger D. Smith
Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N Market Street
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
ccucuzzella@morrisnichols.com

Frank A. Angileri
Tom W. Cunningham
John P. Rondini
Francesca M. Cusumano
Abdulai I. Rashid
Yasmeen Moradshahi
BROOKS KUSHMAN P.C.
150 West Second Street
Suite 400N
Royal Oak, MI 48067
(248) 358-4400

*Attorneys for Defendant*